IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville December 21, 2010

## BOBBY G. NEELY v. STATE OF TENNESSEE

**Appeal from the Marion County Circuit Court**
**No. 8636   Thomas W. Graham, Judge**

**No. M2010-00765-CCA-R3-PC - Filed March 31, 2011**

The Petitioner, Bobby G. Neely, appeals the Marion County Circuit Court's denial of post-conviction relief from his convictions for rape of a child, criminal attempt to manufacture a Schedule II controlled substance, and child abuse, for which he received an effective sentence of fifteen years' confinement. On appeal, the Petitioner contends that the trial court erred by determining that he failed to file his petition for post-conviction relief in a timely manner. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Norman David Lipton, South Pittsburg, Tennessee, for the appellant, Bobby G. Neely.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Sherry Shelton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On April 13, 2005, the Petitioner pled guilty to criminal attempt to manufacture a Schedule II controlled substance, a Class D felony, and child abuse, a Class A misdemeanor. See T.C.A. §§ 39-12-101 (2010), 39-17-417 (Supp. 2005), 39-15-401 (2003) (amended 2005, 2006, 2008, 2009). He was sentenced to three years' probation for the criminal attempt conviction and to eleven months, twenty-nine days' probation for the child abuse conviction, to be served consecutively. On December 5, 2006, the Petitioner pled guilty to rape of a child, a Class A felony, and was sentenced to fifteen years' confinement. See T.C.A. § 39-13-522 (2006) (amended 2007). The record reflects that the Petitioner filed a notice of

appeal on August 27, 2008, and that this court dismissed the appeal as untimely in an order filed on December 5, 2008.

The Petitioner filed a petition for post-conviction relief on June 5, 2009, challenging his 2005 and 2006 convictions and contending that he received ineffective assistance of counsel at his guilty plea hearings. At the post-conviction hearing, the Defendant testified that although he pled guilty to rape of a child, criminal attempt to manufacture a Schedule II controlled substance, and child abuse, he did not know what he was signing when he entered his guilty pleas. He said he mailed multiple petitions for post-conviction relief, with the first mailed two weeks after he pled guilty in April 2005, and a third filed on November 5, 2009. The third petition also challenged his 2005 and 2006 convictions on the basis that he received ineffective assistance of counsel at his guilty plea hearings. He said he filed his first petition because someone at Legal Aid told him that it was too late to file an appeal. He said that he mailed his first petition from jail and that he sent it to the Marion County Circuit Court. He said he did not receive a response from the court indicating that his petition had been received.

On cross-examination, the Petitioner testified that he was "positive" he mailed his first petition for post-conviction relief from jail and that it was sent two weeks after he pled guilty to criminal attempt to manufacture a Schedule II controlled substance and child abuse in April 2005. He agreed that he posted bond before pleading guilty, that he was not in jail when he pled guilty, and that he was placed on probation after pleading guilty. When the State suggested that he was not incarcerated at the time he claimed to have filed his first petition, he denied that he was convicted of a felony in Georgia on August 2, 2005, and he did not remember that his probation was not revoked until January 18, 2006. Although the revocation order stated that his probation was revoked as a result of the conviction in Georgia and the Petitioner's failure to report to his probation officer, the Petitioner denied that either of these probation violations occurred.

The Petitioner testified that he had difficulty reading and writing and that he quit school after the eighth grade. He admitted he could write letters that were multiple pages long, but he said he had difficulty filling out legal documents. When asked why on his June 5, 2009 petition, in response to whether he had filed any previous petitions, he wrote "NA/" next to the area marked "no," he said he only "somewhat" understood the difference between the words "yes" and "no."

The trial court found that the Petitioner gave contradictory testimony and that the record did not support his claim that he filed a previous petition within the applicable statute of limitations. The trial court found that the June 5, 2009 petition was filed past the one-year statue of limitations and dismissed the petition.

On appeal, the Petitioner contends that the trial court erred by determining that he failed to file his petition for post-conviction relief in a timely manner. He argues that his failure to provide documentation showing that he mailed his first petition within one year of the trial court's judgments becoming final should not have resulted in his petition being dismissed. The State contends that the trial court properly held that the petition was filed outside the applicable statute of limitations. We agree with the State.

The burden in a post-conviction proceeding is on the Petitioner to prove his allegations of fact by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006); Dellinger v. State, 279 S.W.3d 282, 294 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). Post-conviction relief may only be given if a conviction or sentence is void or voidable because of a violation of a constitutional right. T.C.A. § 40-30-103 (2006).

The Post-Conviction Procedure Act allows for the filing of only one petition attacking a single judgment, which must be filed within one year of the final action by the highest state appellate court to which an appeal is made or, if no appeal is taken, within one year of the trial court's judgment becoming final. T.C.A. § 40-30-102(a), (c) (2006). "[A] judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence." State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). A petition filed after the limitations period expires shall not be considered unless one of three exceptions apply. See T.C.A. § 40-30-102(b). We also note that the Petitioner was required to file two petitions, one for the child abuse and controlled substance proceeding and a second for the rape of a child proceeding. See T.C.A. § 40-30-104 (c) (2006).

We conclude that the trial court did not err in denying post-conviction relief on the basis that the Petitioner failed to establish by a preponderance of the evidence that he mailed a petition for post-conviction relief within the applicable statute of limitations or that an exception to the limitations period applied. The Petitioner pled guilty on April 13, 2005, to criminal attempt to manufacture a Schedule II controlled substance and child abuse. He pled guilty on December 5, 2006, to rape of a child. The record contains two petitions for post-conviction relief, each challenging his 2005 and 2006 convictions and contending that he received ineffective assistance of counsel at his guilty plea hearings. The first petition was filed on June 5, 2009. Both the petitions contained in the record were filed more than one year after the trial court's judgments became final. We note that although the Petitioner filed a notice of appeal in the rape of a child case on August 27, 2008, the appeal was dismissed, and this untimely filing did not revive the statute of limitations period after the trial court's judgments became final. To hold otherwise would undermine the intent of the Post-Conviction Procedure Act. See Javonni Jones v. State, No. M2001-01322-CCA-R3-PC,

Montgomery County, slip op. at 2 (Tenn. Crim. App. Dec. 6, 2002), app. denied (Tenn. June 2, 2003) ("We conclude that this court's prior order dismissing the petitioner's untimely appeal was not 'the final action of the highest state appellate court to which an appeal was taken,' thereby re-triggering the start of the one-year period.") (quoting T.C.A. § 40-30-102(a), formerly T.C.A. § 40-30-202(a)).

Additionally, in the petition filed on June 5, 2009, the Petitioner indicated that he had not filed any previous petitions. Although the Petitioner contends that he mailed an earlier petition from jail and that it was sent two weeks after he pled guilty in April 2005, the record reflects that he was not incarcerated at that time. Rather, the record reflects that the Petitioner was released on bond at the time he pled guilty, that he was placed on supervised probation, and that his probation was not revoked until January 18, 2006. Furthermore, the Petitioner concedes that the record does not contain any documentation showing that he mailed a petition within the limitations period. The record does not preponderate against the trial court's finding that the Petitioner gave contradictory testimony, and nothing in the record supports his statement that he filed a previous petition within the limitations period. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE