# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## NIGEL MARLIN REID, SR. v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Hamblen County
### Nos. 10CR446, 10CR447    Tom Wright, Judge

---

### No. E2011-02572-CCA-R3-PC - Filed April 25, 2012

---

The petitioner, Nigel Marlin Reid, Sr., filed in the Hamblen County Criminal Court various motions, including a motion to reopen, which the court treated as a petition for post-conviction relief. The post-conviction court dismissed the petition, and the petitioner appeals. The State filed a motion requesting that this court affirm the post-conviction court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. Upon review of the record and the parties' briefs, we conclude that the post-conviction court properly dismissed the petition. Accordingly, the State's motion is granted, and the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., AND D. KELLY THOMAS, JR., JJ., joined.

Nigel Marlin Reid, Sr., pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

On September 30, 2010, the petitioner pled guilty to criminal trespass in case number 10CR446 and three counts of disorderly conduct in case number 10CR447. Pursuant to the plea agreement, the petitioner received sentences of thirty days for the convictions, Class C misdemeanors, to be served in the county jail. The sentences were to be served concurrently

to each other but consecutively to prior sentences received in case numbers 07CR222, 07CR223, and 07CR225.

On September 16, 2011, the petitioner filed pro se a "Motion to Put [These] (5) Five Class C Misdemeanors to General Session Court," alleging that Judge Joyce Ward improperly presided over one of his cases in June 2010 because she previously had recused herself from any future cases involving the petitioner; a motion for recusal, requesting that Judge Ward and Judge John Dugger recuse themselves from any of his cases; and a "Motion to reopen all cases." On September 22, 2011, the petitioner also filed a motion for change of venue. The Hamblen County Criminal Court treated the motion to reopen as a petition for post-conviction relief and dismissed the petition, stating that

> petitioner/defendant was sentenced to 30 days in jail on September 30, 2010 and thus is no longer "in custody" as required by [Tennessee Code Annotated section] 40-30-102. In addition, a review of the Motion, even along with the other motions, does not reveal a proper basis for post-conviction relief.

## II. Analysis

The petitioner claims for the first time on appeal that Judge Ward improperly appointed trial counsel to represent him in this case and that Judge Dugger improperly extended his probation in case numbers 07CR222, 07CR223, 07C225, 07CR459, and 07CR792. He does not address the post-conviction court's dismissal of the petition for post-conviction relief. The State argues that the post-conviction court lacked jurisdiction to rule on the motions because the petitioner pled guilty on September 30, 2010. Thus, the judgments became final thirty days later, and the post-conviction court could not entertain any motions regarding the convictions. In the alternative, the State argues that if this court treats the petitioner's motion to reopen as a petition for post-conviction relief, then we should affirm the post-conviction court's dismissal of the petition because the petitioner failed to set out any colorable claims for relief. We agree with the State on both arguments.

In this case, the trial court entered the judgments of conviction in case numbers 10CR446 and 10CR447 on September 30, 2010. The court lost jurisdiction to entertain any motions regarding the petitioner's convictions thirty days after the judgments of conviction were filed. See State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003) (stating that generally "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence"). The petitioner did not file any motions challenging the judgments until long after the judgments became final. Therefore,

the court no longer had jurisdiction to modify the judgments and could have dismissed the petitioner's motions for that reason.

Nevertheless, the court chose to treat the motion to reopen as a petition for post-conviction relief. The "petition" stated in its entirety as follows:

> Comes here now, I Nigel Marlin Reid Sr. Do here by File this Motion to reopen all [these said] cases. [Please] be advised that my Father Auther C. Reid @ his Death was [a 33rd degree] Master Free [Mason] as well as [a 33rd degree] Master Prince Albert Hall Master [Mason] plus he was [a Shriner].

As noted by the State, Tennessee Code Annotated section 40-30-106(d) provides that a petition for post-conviction relief

> must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition.

Given that the petition alleged no facts that would entitle the petitioner to relief, the post-conviction court did not err when it summarily dismissed the petition. See Tenn. Code Ann. § 40-30-106(f). Likewise, we have reviewed the petitioner's remaining motions, and none of them even remotely states a colorable claim for post-conviction relief.

Regarding the petitioner's claim that Judge Ward improperly appointed trial counsel to represent him in this case and that Judge Dugger improperly extended his probation in case numbers 07CR222, 07CR223, 07C225, 07CR459, and 07CR792, issues raised for the first time on appeal are waived. State v. Adkisson, 899 S.W.2d 626, 635 (Tenn. Crim. App. 1994). In any event, our review of the appellate record reveals that Judge Dugger, not Judge Ward, appointed counsel in this case and that the case eventually was transferred to Judge Tom Wright. Moreover, the appellate record is devoid of any information relating to the petitioner's convictions, sentences, conditions of probation, or revocation of probation in case numbers 07CR222, 07CR223, 07C225, 07CR459, and 07CR792. Therefore, we could not address the probation revocation issue even if we were so inclined.

Accordingly, the State's motion is granted. The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
NORMA McGEE OGLE, JUDGE