# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 14, 2012

## JOE BILLY RUSSELL, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Bedford County**
**No. 13455, 13456    Robert Crigler, Judge**

---

**No. M2012-00337-CCA-R3-PC - Filed September 5, 2012**

---

While it is uncertain from the record, it appears the Petitioner, Joe Billy Russell, Jr., pled guilty in 1994 to two counts of the sale of cocaine. Pursuant to a negotiated settlement, which included the Petitioner's agreement not to apply for alternative sentencing, the trial court sentenced him to two concurrent sentences of four years each. In 2011, the Petitioner filed a pro se motion to vacate the judgment, alleging that he received the ineffective assistance of counsel and that his guilty plea was not voluntarily entered. The trial court dismissed the motion, finding that it was filed beyond the expiration of the statute of limitations. On appeal, the Petitioner contends the trial court erred when it dismissed his petition. After reviewing the record, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Joe Billy Russell, Jr., Bedford, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Chuck Crawford, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

The record in this case is sparse and does not contains the judgments of conviction, transcript of the guilty plea hearing, or any other documentation that makes it clear what occurred in the court below. In the Petitioner's brief, he states that he pled guilty in 1994 to

two counts of the sale of a Schedule II drug. On May 19, 1994, the Petitioner was sentenced to two concurrent terms of four years each, to be served at 30%. The record indicates that the Petitioner is currently incarcerated in a Federal prison in California.

Because there are simply no facts in the record, we refer to the Petitioner's brief. In the brief, the Petitioner says he entered his guilty plea despite the fact that "he was not the one who sold them neither [sic] time to the said informant." He asserts that his trial counsel, whom he does not identify by name, knew the "truth," that the Petitioner did not sell the drugs, and took advantage of him for "financial gain." The Petitioner asserts that his trial counsel misadvised him by allowing him to enter into an unlawful guilty plea when he knew the Petitioner was innocent. He further asserts that his trial counsel did not inform him of the lifetime effect of his guilty plea, namely that his convictions could be used to enhance any sentence he received in the future.

The Petitioner attached several documents to his brief. The first is a motion to vacate his judgment that he filed in the trial court. He also attached a motion for the production of documents and discovery that he filed on January 4, 2012, seeking that the State provide him with the discovery upon which his 1994 convictions were based. Next, the Petitioner attached a motion filed in the trial court on March 20, 2012, asking for the production of documents related to his petition for post-conviction relief, including "plea agreements." Finally, the Petitioner attached what appears to be a notice by the federal government in the United States District Court, Eastern District of Tennesseeof its intent to use his prior convictions to enhance the Petitioner's punishment. The federal government averred it had obtained certified copies of the following convictions:

> January 10, 1994 – Docket No. 94B1288 – Criminal Court Davidson County, Tennessee; Sale of Schedule II Drugs (cocaine) – Sentenced to 5 years on September 9, 1994.

> February 23, 1994 – Docket No. 13455 and 13456 – Criminal Court Bedford County, Tennessee; (1) Sale of Schedule II Drugs (cocaine) (offense date 9/28/1993); and (2) Sale of Schedule II Drugs (cocaine) (offense date 11/03/1993) – Sentenced to 4 years on each count[] on May 19, 1994.

The trial court held a hearing on September 19, 2011, on the Petitioner's motion to vacate, a transcript of which is not included in the record. On October 3, 2011, the trial court dismissed the Petitioner's petition because it had been filed beyond the relevant statutory of limitations period. It is from this judgment that the Petitioner now appeals.

## II. Analysis

2

On appeal, the Petitioner contends that the trial court erred when it dismissed his petition because he received the ineffective assistance of counsel and because his guilty pleas were not knowingly and voluntarily entered. The State responds, first, that the Petitioner has waived our review by not ensuring an adequate record on appeal. Next, the State contends that the Petitioner's filing was not timely. In his reply brief, the Petitioner argues that, because he had requested the relevant documentation to support his post-conviction petition, this Court should not hold that he has failed to comply with the statutory requirements of a post-conviction petition.

A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a) (2006). The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id.* In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. T.C.A. § 40-30-106(b) (2006).

Tennessee Code Annotated section 40-30-102(b) sets out three exceptions to the statute of limitations for petitions for post-conviction relief:

No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted;

3

or

> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Additionally, due process concerns may toll the statute of limitations for post-conviction relief. The Tennessee Supreme Court concluded:

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

*Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)).

In the case under submission, the Petitioner was required to file his petition for post-conviction relief within one year of June 20, 1994, the date that his judgment became final. *See* T.C.A. § 40-30-102(a) (2006); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding that "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence"). He did not file his petition, however, until August 22, 2011, more than sixteen years after his statute of limitations expired. After reviewing the record and the Petitioner's claims, we conclude that the Petitioner has been "provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner," *Burford*, 845 S.W.2d at 208. Therefore, due process does not require the tolling of the statute of limitations. The post-conviction court properly dismissed the Petitioner's petition.

### III. Conclusion

After a thorough review of the record and relevant authorities, we affirm the post-conviction court's judgment.

4

_____
ROBERT W. WEDEMEYER, JUDGE