# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 2, 2012

## DALLAS WYLEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 10-00783    Carolyn Wade Blackett, Judge**

**No. W2012-00537-CCA-MR3-PC  -  Filed October 29, 2012**

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Reversed; Remanded**

Dallas Wyley ("the Petitioner") pleaded guilty to one count of attempt to commit first degree premeditated murder, one count of attempt to commit especially aggravated robbery, and one count of employing a firearm during the commission of a dangerous felony. For these offenses, the Petitioner was sentenced to an effective term of twenty-one years. The incarcerated Petitioner subsequently filed for post-conviction relief, pro se, which the post-conviction court dismissed summarily as untimely. The Petitioner adduced proof that his petition was filed timely pursuant to Tennessee Supreme Court Rule 28. The State concedes that the Petitioner is entitled to a hearing on the issue of whether his petition was filed timely. We hold that the post-conviction court erred in summarily dismissing the Petitioner's claim for relief as untimely. Accordingly, we reverse the judgment of the post-conviction court and remand this matter for a hearing to determine whether the petition for post-conviction relief was filed timely and for such other proceedings as may be necessary.

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROGER A. PAGE, JJ., joined.

Dallas Wyley, Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy Weirich, District Attorney General; and Lora Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

The Petitioner was indicted in January 2010 for one count of attempt to commit first degree murder, one count of attempt to commit especially aggravated robbery, and one count of employing a firearm during the commission of a dangerous felony, all committed on May 15, 2009. The Defendant pleaded guilty to each indicted offense, and the trial court sentenced the Defendant as a Range I offender to fifteen years for the attempted first degree murder, to eight years for the attempted especially aggravated robbery, and to six years on the firearm offense. The trial court ordered partial consecutive service, resulting in an effective sentence of twenty-one years. The trial court entered the judgment orders on June 17, 2010.

The incarcerated Petitioner subsequently filed for post-conviction relief, proceeding pro se. The petition is stamped filed on July 19, 2011. The State responded that the petition was filed outside the one-year statute of limitations.[1] By written order filed August 16, 2011, the post-conviction court summarily dismissed the petition on the basis that it was time-barred. However, the post-conviction court also found that the petition had been filed "on or about August 2, 2011." Upon the Petitioner's subsequent attempts to have the post-conviction court "reconsider" its ruling, the post-conviction court entered another written order on April 17, 2012, correctly noting that the petition for post-conviction relief was filed on July 19, 2011. The post-conviction court again determined, however, that the petition was untimely and therefore denied relief.[2]

In conjunction with obtaining a delayed appeal from this Court, the Petitioner adduced proof that he deposited his petition for post-conviction relief with the appropriate prison authorities on July 13, 2011. Therefore, he contends that his petition was timely pursuant to Tennessee Supreme Court Rule 28, section 2(G). The State concedes that the Petitioner has adduced sufficient proof that his filing may have been timely so as to entitle him to a hearing on the issue of the timeliness of his petition.

---

[1] See Tenn. Code Ann. § 40-30-102(a) (2006).

[2] In its April 17, 2012 order, the post-conviction court also purported to deny the Petitioner's claim for post-conviction relief "on the merits" on the basis of a pleading not before it. The Petitioner claims to have filed a motion to have the post-conviction court "reconsider" its August 16, 2011 ruling. This pleading is not in the record before this Court, and the post-conviction court has asserted that the court clerk's file does not contain such a motion. Nevertheless, the post-conviction court characterized the Petitioner's attempts to have the court's August 16, 2011 ruling "reconsidered" as a motion to re-open his original claim for relief. However denominated, the post-conviction court should not have adjudged the merits of the underlying claim for relief on the basis of a pleading that was not in the record.

## Analysis

As noted by the State in its brief, the Petitioner's judgments of conviction became final thirty days after their entry because he filed no direct appeal. See State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). Thus, the judgments became final on July 17, 2010, and the one-year statute of limitations applicable to petitions for post-conviction relief ran on July 17, 2011. However, because July 17, 2011, was a Sunday, the Petitioner had until Monday, July 18, 2011, to file timely. See Tenn. R. Crim. P. 45(a)(2); Guadalupe Arroyo v. State, No. E2006-01037-CCA-R3-PC, 2007 WL 3144999, at *2 (Tenn. Crim. App. Oct. 29, 2007); Stephen L. Carey v. State, No. 03C01-9309-CR-00330, 1994 WL 630524, at *1-3 (Tenn. Crim. App. Nov. 8, 1994).

Tennessee Supreme Court Rule 28, section 2(G) provides as follows:

> If papers required or permitted to be filed by these rules are prepared by or on behalf of a pro se petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. "Correctional facility" shall include a prison, jail, county workhouse or similar institution in which the pro se petitioner is incarcerated. This provision shall also apply to service of papers by pro se petitioners pursuant to these rules. Should timeliness of filing or service become an issue, the burden is on the pro se petitioner to establish compliance with this provision.

Tenn. Sup. Ct. R. 28, § 2(G). Thus, if the Petitioner can establish that he complied with the provisions of this Rule, then his petition for post-conviction relief was filed timely and cannot be disposed of summarily on the basis that it was filed outside the applicable statute of limitations. We agree with the State's concession that the Petitioner is entitled to a hearing on the timeliness of his petition for post-conviction relief.

## Conclusion

The post-conviction court's orders denying the Petitioner's petition for post-conviction relief are reversed. This matter is remanded to the post-conviction court for a hearing on the timeliness of the petition for post-conviction relief and for such other proceedings as may be necessary.

_____
JEFFREY S. BIVINS, JUDGE