IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 15, 2012 Session

**STATE OF TENNESSEE v. DAVID L. BRUMMITT**

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S54,671     Robert H. Montgomery, Jr., Judge**

**No. E2011-01002-CCA-R3-CD - Filed October 30, 2012**

A Sullivan County Criminal Court Jury convicted the appellant, David L. Brummitt, of especially aggravated robbery, aggravated burglary, and reckless aggravated assault, and the trial court sentenced him to twenty-four, six, and four years, respectively. The trial court ordered that the appellant serve the six- and four-year sentences concurrently on probation but consecutively to the sentence of twenty-four years in confinement. On direct appeal, this court modified the appellant's especially aggravated robbery conviction to aggravated robbery and remanded the case for sentencing as to that offense. State v. David L. Brummitt, No. E2009-01358-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 875, at *2 (Knoxville, Oct. 14, 2011), perm. to appeal denied, (Tenn. 2011). On remand, the trial court sentenced the appellant to twelve years for the aggravated robbery conviction. The trial court also ordered that the appellant serve the six- and four-year sentences in confinement, consecutively to each other, and consecutively to the twelve-year sentence. On appeal, the appellant contends that his twelve-year sentence for the aggravated robbery conviction is excessive and that the trial court's resentencing him for the aggravated burglary and reckless aggravated assault convictions exceeded the scope of this court's direct appeal opinion. Based upon the oral arguments, the record, and the parties' briefs, we conclude that the trial court properly sentenced the appellant for the aggravated robbery conviction but that the trial court did not have jurisdiction to resentence the appellant for the remaining convictions. Therefore, the appellant's original sentences for aggravated burglary and reckless aggravated assault remain in effect.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are**
**Affirmed in Part and Reversed in Part.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

Gene G. Scott, Jr., Jonesborough, Tennessee, for the appellant, David L. Brummitt.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; Barry Staubus, District Attorney General; and Julie R. Canter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Factual Background

We glean the following facts from this court's direct appeal opinion: On the night of January 1, 2008, the appellant went to the home of Michael May, who knew the appellant "from [the] neighborhood." State v. David L. Brummitt, No. E2009-01358-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 875, at *3 (Knoxville, Oct. 14, 2011), perm. to appeal denied, (Tenn. 2011). At some point, the appellant went into the kitchen to talk on his cellular telephone, and May heard the kitchen door open. Id. Two men, one armed with a knife and one armed with a baseball bat, entered the home, forced May upstairs, and searched the upstairs area for money and drugs. Id. at **3-4. After searching the upstairs rooms, the man with the knife kicked or pushed May down the stairs, and the two armed men searched the kitchen for money and drugs. Id. at *5. When May's partner, Gary Adams, arrived and entered the home, the man with the bat hit Adams on the head, knocking him unconscious. Id. Both of the assailants fled, taking money and jewelry. Id. at *6. May also discovered that his Jeep, laptop, and cellular telephone were missing. Id. May was certain that the two armed assailants did not take those items. Id.

A Sullivan County Criminal Court Jury convicted the appellant of the especially aggravated robbery of May, a Class A felony; aggravated burglary, a Class C felony; and the reckless aggravated assault of Adams, a Class D felony. After a sentencing hearing, the trial court sentenced the appellant to twenty-four, six, and four years, respectively. The twenty-four-year sentence was to be served in confinement at one hundred percent. The trial court ordered that the appellant serve the six- and four-year sentences on probation and concurrently with each other but consecutively to the twenty-four-year sentence. On direct appeal, the appellant argued that the evidence was insufficient to support the convictions and that the trial court erred by ruling the State could impeach him with prior misdemeanor convictions. Id. at *2. This court concluded that the State failed to prove May suffered serious bodily injury, an essential element of especially aggravated robbery, and modified the conviction to aggravated robbery, a Class B felony. This court remanded the case to the trial court for sentencing as to that offense but affirmed the appellant's remaining convictions. Id.

On remand, the trial court sentenced the appellant to twelve years for the aggravated robbery conviction. The court also ordered that the appellant serve the six- and four-year

sentences in confinement, consecutively to each other, and consecutively to the twelve-year sentence.

## I. Analysis

### A. Sentencing - Aggravated Robbery

The appellant contends that his twelve-year sentence for aggravated robbery is excessive. The State argues that the trial court properly sentenced the appellant. We agree with the State.

At the appellant's sentencing hearing for the aggravated robbery conviction, the parties relied on the evidence presented at the original sentencing hearing. Therefore, a review of the original sentencing hearing is in order. During the hearing, Michael May testified that at the time of the offenses, he had just undergone radiation therapy for cancer. He lost jewelry and items worth $5,000 during the robbery, and his property was never recovered. He said that after the robbery, he began keeping loaded guns in his home and became "extra cautious" about going into his house after dark. On cross-examination, May acknowledged that he claimed in his victim impact statement that his stolen property was worth $2,500. He said that he thought $2,500 was "a conservative estimate at the time" but that "I'd stick with [$2,500] since that's what I put down." Gary Adams testified that he would never be the same after being hit with the baseball bat. He said that he still had numbness on the left side of his face, that he had difficulty sleeping, and that he would "never trust anyone again."

The State introduced the appellant's presentence report into evidence. In the report, the then thirty-year-old appellant said he did not graduate from high school but obtained his GED. According to the report, the appellant described his physical and mental health as "excellent." He stated in the report that he began drinking alcohol and experimented with marijuana when he was thirteen years old and that his use of alcohol caused him to commit crimes. He also stated in the report that he became addicted to prescription pain medication when he was about twenty-three years old and that he had worked as a restaurant chef, construction laborer, and Walmart produce manager. The report shows that the appellant has numerous prior convictions, including convictions for failure to appear, misdemeanor theft, possession of burglary tools, criminal trespass, resisting arrest, unlawful possession of drug paraphernalia, littering, improper use of vehicle registration, leaving the scene of an accident, public intoxication, attempted burglary, false imprisonment, passing a worthless check, driving on a revoked license, and underage possession of alcohol. He also has several convictions for misdemeanor assault and domestic violence. The report shows that the appellant has violated probation previously.

The trial court stated that it had considered the appellant's presentence report, the principles of sentencing, the parties' arguments, the nature and characteristics of the criminal conduct involved, and the enhancement and mitigating factors. Regarding enhancement factors, the trial court applied factor (1), that the "defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range"; (2), that the "defendant was a leader in the commission of an offense involving two (2) or more criminal actors"; (4), that the victim of the offense was particularly vulnerable, because Michael May was being treated for cancer at the time of the crimes; (5) that the defendant allowed a victim, May, to be treated with exceptional cruelty during the commission of the offenses; and (14), that the defendant abused a position of private trust, because May trusted the appellant and allowed the appellant into his home. Tenn. Code Ann. § 40-35-114(1), (2), (4), (5), (14). Although the State had argued that the trial court also should apply enhancement factor (10), that the defendant had no hesitation about committing a crime when the risk to human life was high, the trial court refused to apply that factor because serious bodily injury was an element of especially aggravated robbery and bodily injury was an element of reckless aggravated assault. See Tenn. Code Ann. § 40-35-114(10). The court applied no mitigating factors.

The trial court placed "a great deal of weight" on enhancement factor (1), noting that the appellant had a lengthy criminal history, that some of his prior crimes were crimes of violence, and that he had violated probation. The trial court sentenced him as a Range I, standard offender to twenty-four years for the especially aggravated robbery conviction, a Class A felony; six years for the aggravated burglary conviction, a Class C felony; and four years for the reckless aggravated assault conviction, a Class D felony. Each sentence was the maximum punishment in the range. See Tenn. Code Ann. § 40-35-112(a)(1), (3), (4). Pursuant to Tennessee Code Annotated § 40-35-501(i)(2)(E), the especially aggravated robbery conviction was to be served at 100%. The trial court ordered that the appellant serve the six- and four-year sentences on probation. The court also ordered that the appellant serve the six- and four-year sentences concurrently but consecutively to the twenty-four-year sentence.

On remand for sentencing for the aggravated robbery conviction, the trial court reapplied enhancement factors (1), (2), (4), (5), and (14). The trial court also applied enhancement factor (10), because serious bodily injury was no longer an element of the offense. The trial court again stated that the appellant's criminal history was significant and that his prior crimes included crimes of violence. The trial court noted that the appellant committed the instant crimes while on probation and sentenced him to twelve years for the aggravated robbery conviction, the maximum punishment in the range for a Class B felony. See Tenn. Code Ann. § 40-35-112(a)(2).

Previously, appellate review of the length, range, or manner of service of a sentence was de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). However, our supreme court recently announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" State v. Susan Renee Bise, ___ S.W.3d ___, No. E2011-00005-SC-R11-CD, 2012 Tenn. LEXIS 645, at *76 (Knoxville, Sept. 26, 2012). See Tenn. Code Ann. § 40-35-401(d). In conducting its review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-103(5), -210(b); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

The appellant contends that his twelve-year sentence is excessive because his prior criminal history consisted only of misdemeanors and because his role in the instant crimes was "limited." Granted, the appellant's criminal history does not include any felony convictions. However, the list of his convictions in the presentence report spans eight pages, shows that he has been committing crimes since he was eighteen years old, and includes crimes of violence. The trial court placed significant weight on enhancement factor (1) regarding the appellant's prior criminal history and behavior. As to the appellant's "limited" role in the offenses, the trial court found him to be a leader in the commission of the offenses, and the appellant does not challenge the trial court's application of that factor. We conclude that the trial court did not abuse its discretion by sentencing the appellant to twelve years for aggravated robbery.

B. Resentencing - Aggravated Burglary and Reckless Aggravated Assault

The appellant also contends that the trial court erred by resentencing him for the aggravated burglary and reckless aggravated assault convictions because this court remanded the case only for sentencing on count 1, aggravated robbery. The State contends that the trial court had the authority to resentence the appellant because this court did not expressly limit the scope of sentencing on remand. The State also argues that because the issue of sentencing was not litigated on direct appeal, this court did not affirm the appellant's sentences for the aggravated burglary and reckless aggravated assault convictions. We conclude that the trial court was without jurisdiction to resentence the appellant.

In this court's direct appeal opinion, this court concluded that the State failed to prove May suffered serious bodily injury during the robbery, modified the appellant's conviction from especially aggravated robbery to aggravated robbery, and remanded the case to the trial court for "entry of judgment and sentencing for the lesser included offense of aggravated robbery." Brummitt, No. E2009-01358-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 875, at *17. At the conclusion of the opinion, this court also stated that

> having . . . concluded that the State failed to present sufficient evidence of serious bodily injury to support the defendant's conviction of especially aggravated robbery in count one, the judgment of the trial court is reversed and the case is remanded for entry of a judgment for aggravated robbery and resentencing as to count one.

Id. at *21. This court's judgment, filed with the opinion, provided that the case was to be remanded to the trial court for "further proceedings consistent with this court's opinion." The opinion and the judgment specifically affirmed the aggravated burglary and reckless aggravated assault convictions. See id. The appellant filed an application for permission to appeal to our supreme court, which that court denied.

On remand, the appellant argued that the trial court could not resentence him for the aggravated burglary and reckless aggravated assault convictions because doing so would exceed the scope of this court's instructions in the direct appeal opinion. The State disagreed, arguing that this court's direct appeal opinion did not specifically prohibit the trial court from resentencing the appellant. The State also argued that because the case had been "remanded back down, these judgments are not final." The trial court concluded that it could resentence the appellant for the aggravated burglary and reckless aggravated assault convictions, stating as follows:

> Anyway, when it was remanded back I – I don't think that the court of criminal appeals was asking me to – to deal with that in a vacuum. Because . . . anytime I or anybody as a judge makes a sentencing decision, I mean, they're not making it in a vacuum. I think they have to look at all the facts and circumstances of the case. All the crimes that were committed. What the – what the jury's verdict was.
>
> And so for – for me to look at the – this charge of aggravated robbery, and can't consider anything else, to me doesn't – doesn't seem to – doesn't seem to me to make sense.

-6-

Given the disturbing facts of this case and the drastic reduction in the appellant's sentence for aggravated robbery, we can appreciate the trial court's concern about being unable to resentence the appellant for the aggravated burglary and reckless aggravated assault convictions.[1] However, this court specifically affirmed those judgments of conviction on appeal, and the judgments became final when the supreme court denied the appellant's application for permission to appeal. Cf. Roland R. Smith v. State, No. M2007-01420-CCA-R3-PC, 2008 Tenn. Crim. App. LEXIS 850, at *5 (Nashville, Oct. 27, 2008) (stating that "there is no authority for the petitioner's proposition that the judgments affirmed by this court on direct appeal would not have been final until the remanded charges were resolved"). Generally, a trial court has no power to amend its judgment once the judgment becomes final." State v. Green, 106 S.W.3d 646, 648-49 (Tenn. 2002). Therefore, we are constrained to hold that the trial court was without jurisdiction to resentence the appellant for aggravated burglary and reckless aggravated assault.

### III. Conclusion

Based upon the oral arguments, the record, and the parties' briefs, we conclude that the trial court properly sentenced the appellant to twelve years for the aggravated robbery conviction but that the trial court was without jurisdiction to resentence the appellant for the aggravated burglary and reckless aggravated assault convictions. Therefore, those original sentences remain in effect. The appellant is to serve the six- and four-year sentences on probation, concurrently with each other, but consecutively to the twelve-year sentence.

_____
NORMA McGEE OGLE, JUDGE

---

[1]As noted by the trial court, this court incorrectly stated in its direct appeal opinion that the trial court originally ordered that the appellant serve the six- and four-year sentences in confinement for a total effective sentence of thirty years in confinement. Brummitt, No. E2009-01358-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 875, at *17. However, the State did not file a Petition to Rehear.