IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2013

**WENDOLYN WALDEN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sullivan County**
**No. S62275    R. Jerry Beck, Judge**

_____

**No. E2013-01165-CCA-R3-PC - Filed October 22, 2013**

_____

The Petitioner, Wendolyn Walden, pled guilty to the sale of less than 0.5 grams of cocaine within a school zone. The trial court sentenced the Petitioner to eight years in the Tennessee Department of Correction. The Petitioner filed a petition seeking post-conviction relief almost two years after pleading guilty, which the post-conviction court summarily dismissed. After a thorough review of the record, the briefs, and relevant authorities, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Wendolyn Walden, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Barry Staubus, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I. Background**

In the post-conviction petition, the Petitioner asserts that she pled guilty, on May 31, 2011, to the sale of less than 0.5 grams of cocaine within a school zone. On April 22, 2013, the Petitioner filed a petition seeking post-conviction relief. In the petition, the Petitioner explained that she was filing her petition outside the statute of limitations because her attorney never informed her of a time limit in which she must file her petition, citing *Thompson v.*

*United States*, 481 F.3d 1297 (11ᵗʰ Cir. 2007).

The post-conviction court summarily dismissed the petition as untimely stating that "The final conviction occurred more than one year ago and limitations for filing has expired and the petitioner does not allege any new or developing law that has come into effect since her conviction." Further, it stated that the Petitioner's reliance on *Thompson* was misplaced because *Thompson* addressed the statute of limitations on a direct appeal and not a post-conviction proceeding. It is from this judgment that the Petitioner now appeals.

## II. Analysis

The Petitioner asserts that her conviction is based on an involuntary guilty plea. She further contends that her confession was coerced, evidence used against her was gained pursuant to an unconstitutional search and seizure and unlawful arrest, her privilege against self-incrimination was violated, the evidence against her was insufficient, and her attorney did not "zealously defend" her or "protect her rights." The State responds that the trial court properly dismissed the petition as untimely. We agree with the State.

A person in custody under a sentence of a court of this state must petition for post conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a) (2012). The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id*. It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id*. In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. T.C.A. § 40-30-106(b) (2012).

Tennessee Code Annotated section 40-30-102(b) sets out three exceptions to the statute of limitations for petitions for post-conviction relief:

No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate

2

court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Additionally, due process concerns may toll the statute of limitations for post-conviction relief. The Tennessee Supreme Court concluded:

[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

*Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)).

In the case under submission, the Petitioner was required to file her petition for post-conviction relief within one year of June 30, 2011, the date that her judgment became final. *See* T.C.A. § 40-30-102(a) (2012); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding that "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence"). She did not file her petition, however, until April 22, 2013, after the statute of limitations had expired. The Petitioner does not allege, nor do we find applicable, any of the statutory exceptions to the one-year statute of limitations. After reviewing the record and the Petitioner's claims, we conclude that the Petitioner has been "provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner," *Burford*, 845 S.W.2d at 208. Therefore, due process does not require the tolling of the statute of limitations. The post-conviction court properly dismissed the Petitioner's petition.

### III. Conclusion

After a thorough review of the record and relevant authorities, we affirm the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE