IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 5, 2002 Session

## STATE OF TENNESSEE v. HAROLD L. GREEN

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Anderson County**
**No. 99CR0068      James B. Scott, Jr., Judge**

---

**No. E2000-00616-SC-R11-CD - Filed May 1, 2003**

---

We granted Harold L. Green's application pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure to determine the duration of the trial court's authority to entertain a motion to withdraw a guilty plea. On October 8, 1999, Green pleaded guilty to driving while under the influence of an intoxicant and was, thereafter, sentenced by the Criminal Court of Anderson County. On November 5, 1999, Green filed a motion to withdraw the previously entered guilty plea; the trial court granted the motion. The State appealed pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. After granting the State's request for appeal, the Court of Criminal Appeals held that the trial court was without jurisdiction to consider the motion to withdraw the guilty plea. We find that the trial court's jurisdiction to hear and decide the motion to withdraw the guilty plea continued for thirty days after the plea was entered. Accordingly, we reinstate the judgment of the trial court and remand the cause for any further proceedings that may be appropriate.

**Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals Reversed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

James M. Webster, Oak Ridge, Tennessee, for the appellant, Harold L. Green.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Elizabeth B. Marney, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

I. Facts and Procedural History

Indicted for driving while under the influence of an intoxicant,[1] Green waived his right to trial by a jury and his right to appeal. Green entered a guilty plea, and the trial court imposed the agreed-upon sentence–incarceration for eleven months twenty-nine days with all but forty-eight hours suspended. Twenty-eight days later, Green moved to withdraw his guilty plea, and the trial court granted the motion. The State appealed, and the Court of Criminal Appeals accepted the State's application for appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. In reliance upon State v. Hall, 983 S.W.2d 710 (Tenn. Crim. App. 1998), the intermediate court held that the judgment became final the day the guilty plea was entered and accepted by the trial court. Thus, the intermediate court held that the trial court was without jurisdiction to hear and consider Green's petition to withdraw his guilty plea.

We granted Green's appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure to determine whether the trial court had jurisdiction to entertain the motion to withdraw his guilty plea. We find that the judgment of conviction based upon Green's plea did not become final until thirty days after its entry; therefore, the trial court had jurisdiction to hear Green's motion to withdraw the plea. Accordingly, we are constrained to reverse the judgment of the Court of Criminal Appeals and remand the cause to the trial court for further proceedings.

## II. Standard of Review

The issue on appeal is a question of law, which we review de novo with no presumption of correctness accorded to the findings of the court below. Memphis Publ. Co. v. Cherokee Children & Family Servs., 87 S.W.3d 67, 74 (Tenn. 2002); Gleaves v. Checker Cab Transit Corp., 15 S.W.3d 799, 802-03 (Tenn. 2000).

## III. Analysis

The withdrawal of a guilty plea is controlled by Tennessee Rule of Criminal Procedure 32(f), which provides:

> Withdrawal of Plea of Guilty. – A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

The general rule in Tennessee is that a judgment becomes final thirty days after entry unless a timely notice of appeal or a specified post-trial motion is filed. Tenn. R. App. P. 4(a) and (c); State v. Peele, 58 S.W.3d 701, 704 (Tenn. 2001); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). In a criminal case, when a notice of appeal is filed, the jurisdiction of the Court of Criminal Appeals attaches, and the trial court loses jurisdiction. Pendergrass, 937 S.W.2d at 837. Generally, a trial

---

[1]Tenn. Code Ann. § 55-10-401 (1998).

court has no power to amend its judgment once the judgment becomes final, and the trial court is without jurisdiction to hear and decide a motion to withdraw a guilty plea after the judgment is final. Peele, 58 S.W.3d at 704; Pendergrass, 937 S.W.2d at 837. Any judgments made outside the court's jurisdiction are void. Peele, 58 S.W.3d at 704; Pendergrass, 937 S.W.2d at 837 (citing Brown v. Brown, 198 Tenn. 600, 281 S.W.2d 492, 497 (1955)).

The State relies strongly, if not exclusively, on State v. Hall, 983 S.W.2d 710 (Tenn. Crim. App. 1998). In Hall, the Court of Criminal Appeals considered the jurisdiction of the trial court to hear and decide a motion to withdraw a guilty plea. Hall formally requested that the trial court accept his plea and filed with it a waiver of the right to appeal.[2] The trial court accepted the plea, imposed the agreed sentence,[3] and noted the contemporaneously filed waiver of appeal.

Within thirty days, Hall moved to withdraw his guilty plea on grounds suggestive of "manifest injustice." The trial court denied the motion, and Hall appealed. On appeal, the intermediate court viewed Hall's guilty plea as final when accepted by the trial court. Accordingly, the court held that the trial court was without jurisdiction to hear and consider Hall's motion to withdraw the plea of guilty.

The State's unwavering reliance upon Hall is precedentially commendable but misplaced, especially in light of the Court of Criminal Appeals' gentle repudiation of the Hall analysis in the instant case. Judge Joseph M. Tipton, writing for the Green majority, stated:

> We acknowledge the defendant's assertion that Hall's interpretation of a final judgment renders Rule 32(f), Tenn. R. Crim. P., without effect in most cases involving a guilty plea with an agreed sentence. Most, if not all, guilty plea petition forms include the waiver of an appeal as a provision. Thus, Hall, authored by Judge Joe G. Riley of this panel, essentially limits the right to withdraw a guilty plea pursuant to Rule 32(f) to that minority of guilty plea cases in which the parties have not reached an agreement on the sentence. However, a motion to withdraw a guilty plea brings into question a core part of the very agreement that Hall enforces. A majority of this panel sees no reason to allow review of a defendant's desire to withdraw a guilty plea when no agreement exists, but to disallow it when a full agreement is involved. Also, the majority sees no reason to have judgments of conviction become final upon entry in some circumstances, while they become final only after thirty days in other circumstances. Such breeds an unnecessary trap for a defendant.

---

[2] Hall waived his right to a jury trial, his right to a new trial, and his right to appeal.

[3] Hall pleaded guilty to first degree murder and was sentenced to imprisonment for life without the possibility of parole.

In this respect, we note that Tennessee Supreme Court review was not sought in <u>Hall</u>. We also note that in <u>State v. Johnny Leach</u>, No. 03C01-9810-CR-00373, Campbell County (Tenn. Crim. App. Oct. 5, 1999), a majority of the panel suggested Supreme Court review of the holding in <u>Hall</u>, but, again, such review was not sought. Under these circumstances, a majority of the panel believes that the Supreme Court should review the holding in <u>Hall</u> in this case.

<u>State v. Green</u>, No. E2000-00616-CCA-R10-CD, 2001 Tenn. Crim. App. LEXIS 7, at *8-*9 (Tenn. Crim. App. Jan. 4, 2001).

Without belaboring all of the many reasons why the <u>Hall</u> analysis is, in our opinion, unworkable and unwieldy, we agree with Judge Tipton's analysis as set out above that <u>Hall</u>, even if liberally construed, remains "an unnecessary trap." Accordingly, we hold that a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence. In so holding, we expressly overrule <u>Hall</u>, so that each defendant who enters a plea agreement regardless of whether there has been a waiver of the right to appeal, has thirty days within which to determine whether circumstances exist that may prompt the filing of a motion to withdraw the previously entered plea pursuant to Rule 32(f).

## IV. Conclusion

We hold that a judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry. Green's motion to withdraw was filed twenty-eight days after entry of the guilty plea. Thus, the Court of Criminal Appeals erred in holding that the trial court did not have jurisdiction to hear this motion. Accordingly, the judgment of the trial court granting the motion is reinstated, and the cause is remanded to the trial court for further proceedings as may be necessary and appropriate. Costs of this appeal are taxed to the State of Tennessee.

_____
ADOLPHO A. BIRCH, JR., JUSTICE