IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 9, 2003

## DEVON CRAWFORD v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Criminal Court for Shelby County**
**No. P-21811     John P. Colton, Judge**

---

**No. W2003-00016-CCA-R3-PC  - Filed November 14, 2003**

---

 On August 19, 1999, the petitioner, Devon M. Crawford, filed a *pro se* petition for post-conviction relief from his convictions of aggravated robbery, especially aggravated robbery and first degree murder.   Counsel was appointed and an evidentiary hearing was held. In this appeal, petitioner argues that the trial court erred in dismissing his petition for post-conviction relief.   After a review of the record, we reverse and remand this case to the trial court for a decision on the merits of the post-conviction petition as it relates to indictments 97-02686 and 97-03493.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed in Part and Reversed and Remanded in Part**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

Charles W. Gilchrist, Jr., Memphis, Tennessee, for appellant, Devon Crawford.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and P. Thomas Hoover, Assistant District Attorney General, for appellee, State of Tennessee.

**OPINION**

On September 4, 1997, the petitioner, Devon M. Crawford, was found guilty of especially aggravated robbery, indictment number 97-02686.  On October 1, 1997, he was found guilty of aggravated robbery, indictment number 97-03493.  Petitioner was sentenced to 25 years and 11 years

respectively, to run consecutively. On March 4, 1998, petitioner pled guilty to first degree murder and was sentenced to life with the possibility of parole, indictment number 97-02728. On May 29, 1998, petitioner pled guilty to aggravated robbery and was sentenced to eight years, indictment number 97-02730. All sentences were ordered to run concurrently with the life sentence. On August 19, 1999, the petitioner filed a *pro se* petition for post-conviction relief on all four convictions.[1] Petitioner was appointed counsel on September 23, 1999 who filed an amended petition on February 9, 2000. The State's response, filed December 6, 2000, noted that petitioner's claims as to cases 97-02728 and 97-02730 were barred by the statute of limitations. The trial court entered an order dismissing the defendant's petition as it related to 97-02728 and 97-02730. On August 15, 2002, an evidentiary hearing was held on the petitioner's petition and was taken under advisement by the trial court. The trial court entered an order denying relief on all claims stating that they were all barred by the statute of limitations.

## ARGUMENT

The Post-Conviction Procedure Act of 1995 mandates that a person in custody of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken. See Tenn. Code Ann. § 40-30-202(a) (1995). The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Id. The petitioner entered guilty pleas to indictment 97-02728 on March 4, 1998 and indictment 97-02730 on May 29, 1998. Petitioner filed his petition for post-

---

[1]Post-conviction petitioners and their attorneys should note that Tennessee Code Annotated Section 40-30-204(c) requires separate petitions when attacking multiple judgments arising from separate trials or proceedings. However, the State has not raised this issue and we therefore deem it waived.

conviction relief on August 19, 1999. Petitioner concedes that the filing was past the one-year statute for those two indictments. However, review of petitioner's post-conviction relief petition in cases 97-02686 and 97-03493 was not barred by the statute of limitations. This court's opinion was filed March 9, 1999. State v. Devon M. Crawford, No. 02C01-9803-CR-00061, 1999 wl 134680 (Tenn. Crim. App. at Jackson, Mar. 9, 1999). The date of final action from the Supreme Court was May 18, 1999, thus, allowing petitioner until May 17, 2000. See Tenn. Code Ann. § 40-30-202(a); see also State v. Green, 106 S.W.3d 646, 649 (Tenn. 2003). Petitioner filed his post-conviction petition on August 19, 1999. Thus his petition with regard to indictments 97-02696 and 97-03493 was timely filed. The State concedes that the petition in so far as it addressed the convictions arising from indictments 97-02696 and 97-03493 was timely filed.

The petitioner requests remand of the case on all four indictments. However because the petition as it relates to indictments 97-02730 and 97-02728 is clearly time barred, such relief is unavailable.

## CONCLUSION

Therefore, we hold that the trial court erred in dismissing the petitioner's post-conviction petition with regard to the convictions arising from indictments 97-02686 and 97-03493. However, the trial court properly dismissed the petition in so far as it related to indictments 97-02730 and 97-02728. Thus, this case is affirmed in part, and reversed and remanded in part for a decision by the trial court on the petition as it relates to indictments 97-02686 and 97-03493.

_____
JERRY L. SMITH, JUDGE