# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 27, 2004

## STATE OF TENNESSEE v. ERIC EUGENE GILMORE

**Appeal from the Criminal Court for Knox County**
**Nos. 62677, 69540, 70136, 70594 and 70873      Ray L. Jenkins, Judge**

---

**No. E2003-02568-CCA-R3-CD - Filed September 9, 2004**

---

The Knox County Criminal Court denied the motion of the defendant, Eric Eugene Gilmore, to set aside his 2001 guilty pleas to a number of charges.  We affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Bruce E. Poston, Knoxville, Tennessee, for the Appellant, Eric Eugene Gilmore.

Paul G. Summers, Attorney General & Reporter; Helena Walton Yarbrough, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Leon Franks, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On March 6, 2001, the defendant submitted to the trial court a guilty plea agreement that proposed the following convictions and sentences:

| Case | Offense | Sentence |
|------|---------|----------|
| 62290 | theft under $500 | 11 months, 29 days to serve at 75 percent |
| 62677 | possession cocaine with intent to sell | 8 years, Standard Offender, 1 year to serve, balance on probation, $2,000 fine |
| 69540 | possession marijuana | 11 months, 29 days to serve at 75 percent, |

|       |                                         | concurrent with 62677 |
|-------|-----------------------------------------|-----------------------|
| 70873 | possession cocaine under .5 grams       | 4 years, Standard Offender, probation, consecutive to 62677 |
| 70136 | theft under $1,000                      | 2 years, Standard Offender, probation, consecutive to 70873 |
| 70594 | escape                                   | 1 year, Standard Offender, probation, consecutive to 70136. |

The plea agreement called for a number of other charges to merge or be dismissed, and it summarized the terms by describing a fifteen-year effective sentence to be served via one year in confinement followed by fourteen years' probation. On the same date, the trial court accepted the plea agreement and entered judgments on the affected counts pursuant to the agreement.

On September 5, 2001, the state filed a probation violation warrant that alleged the defendant had failed an August 21, 2001 drug test and "made false accusations toward [the] probation officer in an attempt to undermine[] a positive drug screen." The warrant was amended to add allegations that the defendant's September 11, 2001 drug screen showed that he had consumed cocaine, that the defendant absconded, and that he failed to attend required sessions of his "CAPP" program. On August 14, 2002, the trial court ordered revocation of the defendant's probation and the effectuation of his original sentences.

On May 19, 2003, the defendant, acting *pro se*, moved the trial court to "set aside" his guilty pleas. The defendant's bases for avoiding his guilty pleas are:

> Upon my arrival here at South Central Correctional Facility I was given my court papers. I noticed that they have me pleading to a 8 year sentence on case no. 62677 and pleading to a four year sentence on case no. 70873 which is incorrect. Furthermore my papers list 62677 as a Class B indictment when it was in fact a Class C indictment from the start. Case No. 70873 was in fact the case which I was indicted on that should show me being indicted with a Class B felony . . . .

On May 23, 2003, the trial court entered an order finding that the sentences set forth in the defendant's judgments were correct and were in accord with the plea agreement, and it dismissed the motion to set aside the guilty pleas. The defendant filed a timely notice of appeal, and the trial court appointed appellate counsel.

On appeal, the defendant characterizes his motion to "set aside" his guilty pleas as a motion to withdraw the pleas, and he acknowledges that, after sentence is imposed, but before judgment becomes final, a trial court may allow a defendant to withdraw a guilty plea when necessary to correct a manifest injustice. *See* Tenn. R. Crim. P. 32(f). Moreover, he acknowledges that his motion to withdraw was filed long after the trial court's judgments became final. Thus, the defendant failed to present a timely Rule 32(f) motion to withdraw his guilty plea.

In his brief, however, the defendant argues that he should have been afforded a hearing to challenge the voluntariness of his guilty pleas. We recognize this as a claim that the trial court should have treated the motion as a petition for post-conviction relief. *See* Tenn. Code Ann. §§ 40-30-101 through -122 (2003) (Post-Conviction Procedure Act); *State v. Antonio Demonte Lyons*, No. 01C01-9508-CR-00263, slip op. at 12 (Tenn. Crim. App., Nashville, Aug. 15, 1997) ("Under Tennessee law, a trial court may set aside the acceptance of a guilty plea in three different circumstances. Rule 32(f) of the Tennessee Rules of Criminal Procedure governs two situations in which a defendant wishes to withdraw a guilty plea before the judgment has become final. Post-conviction procedures . . . become available once a judgment is final."). To be sure, "a trial court is not bound by the title of the pleading, but [it] has the discretion to treat the pleading according to the relief sought," *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995), and this court has approved treating an inapt motion to withdraw a guilty plea as a petition for post-conviction relief, *see Pete Smith v. State,* No. 03C01-9805-CR-00182 (Tenn. Crim. App., Knoxville, April 30, 1999).

The impediment in the present case to utilizing post-conviction procedures, however, is the limitations bar in the post-conviction law. Petitions for post-conviction relief must be brought within one year of the "date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2003). The trial court entered its judgments on March 6, 2001. The judgments became final 30 days later. *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) ("We hold that a judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry.") The defendant filed his motion/petition on May 19, 2003, more than two years after the judgments became final. As a petition for post-conviction relief, the motion to set aside the guilty pleas is not timely.

Accordingly, the defendant's motion is justiciable neither as a Rule 32(f) motion nor as a post-conviction petition, and we discern no other avenue available to the defendant for presenting his claims to the trial court. *See Archer v. State*, 851 S.W.2d 157, 163-64 (Tenn. 1993) (explaining that proper avenue for challenging voluntariness of guilty plea is through a post-conviction petition, not a petition for *habeas corpus* relief). For these reasons, the order of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE