# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### STATE OF TENNESSEE v. STEVEN RAY CHANCE

**Appeal from the Circuit Court for Cheatham County**
**No. 13599    Robert E. Burch, Judge**

---

**No. M2004-01729-CCA-R3-CD - Filed November 16, 2004**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The appellant has appealed the trial court's order summarily dismissing the appellant's "Affidavit of Specific Negative Averment." In that document the petitioner apparently desired to set aside his guilty plea because it failed to comply with certain provisions of the Uniform Commercial Code. Upon a review of the record in this case we are persuaded that the trial court was correct in summarily dismissing the "Affidavit of Specific Negative Averment" and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

Steven Ray Chance, pro se, Whiteville, Tennessee.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

According to this Court's opinion on post-conviction appeal in <u>Steven Ray Chance v. State</u>, No. M2002-02991-CCA-R3-PC, 2003 WL 22038780 (Tenn. Crim. App. at Nashville, Sept. 2, 2003), <u>perm.</u> <u>to</u> <u>appeal</u> <u>denied</u> (Tenn. 2003):

> In April 2000, the petitioner went to the victim's mobile home where his girlfriend, Sherry Moon, was staying with the victim. The petitioner, armed with a

gun, kicked in the door of the mobile home, and the victim fled. Two days later, the petitioner led the police on a car chase after an officer tried to arrest him. Pursuant to a plea agreement, the petitioner entered nolo contendere please to aggravated burglary, aggravated assault, and evading arrest, and received an effective eight-year sentence. The State dismissed other charges pursuant to the agreement.

In his post-conviction relief petition, he contended his attorney failed to provide him with effective assistance of counsel in entering the please because the attorney had not interviewed witnesses, did not discuss trial strategy or trial preparation with him, and failed to explore any potential medical or psychological defenses. The petitioner maintained that as a result of the ineffectiveness of his trial counsel, he felt compelled to enter the pleas even though he desired a trial. The post-conviction court denied post-conviction relief, and this appeal followed.

The petitioner appeals the denial of his pot-conviction relief petition following his nolo contendere pleas to aggravated burglary, aggravated assault, and evading arrest. He contends his trial counsel did not provide him with effective assistance when he entered into the plea agreement. We affirm the judgment of the post-conviction court.

Id. at *1.

On June 4, 2004, the appellant filed a document entitled "Affidavit of Specific Negative Averment" in which the appellant claimed that his guilty pleas did not comply with certain provisions of the Uniform Commercial Code. The trial court treated the appellant's document as a motion to withdraw his guilty pleas and summarily dismissed it without an evidentiary hearing.

Motions to withdraw guilty pleas are governed by Tennessee Rule of Criminal Procedure 32(f), which provides:

A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

Tenn. R. Crim. P. 32(f). In other words, a trial court's jurisdiction to permit the withdrawal of a guilty plea ends at the time the judgment of conviction becomes final. A "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). In the case herein, the appellant filed his "Affidavit for Specific Negative Averment" seeking to withdraw his guilty plea approximately nine months after the final action on the case. Accordingly, the trial court did not have jurisdiction to consider the motion.

Rule 20, Rules of the Court of Criminal Appeals provides <u>inter</u> <u>alia</u>:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

> The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. . . .

We determine that this case meets the criteria of the above-quoted rule and therefore we grant the State's motion filed under Rule 20 and we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE