# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs April 1, 2014

## BRANDON ALEXANDER RANKIN V. STATE OF TENNESSEE

**Appeal from the Circuit Court for Carroll County**
**No. PC05CR72   C. Creed McGinley, Judge**

———————————

**No. W2013-01216-CCA-R3-PC  - Filed July 16, 2014**

———————————

Petitioner, Brandon Alexander Rankin, pled guilty to second degree murder and accessory after the fact or facilitation to commit first degree murder, to which he was sentenced to concurrent 40-year sentences at 100%. Petitioner subsequently filed a timely motion to withdraw his guilty plea, and trial counsel filed a motion to withdraw as counsel on the same date. A hearing was conducted on the two motions. The trial court elected to classify Petitioner's motion to withdraw the guilty plea as a post-conviction petition. Trial counsel's motion to withdraw was sustained. Petitioner's "Amended Petition for Post-Conviction Relief combined with Rule 36 Motion to Correct Clerical Error in Order" was filed through newly appointed counsel. The post-conviction court dismissed the amended petition as time barred. Petitioner timely appealed. After a review of the record and applicable authorities, we conclude that the trial court erred in construing Petitioner's motion to withdraw his guilty pleas as a petition for post-conviction relief. As a result, we reverse the judgment of the post-conviction court and remand for consideration of Petitioner's motion to withdraw his guilty pleas.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Benjamin Dempsey, Huntingdon, Tennessee, for the petitioner, Brandon Alexander Rankin.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney

General; Hansel McCadams, District Attorney General; and R. Adam Jowers, Assistant District Attorney General, for the respondent, State of Tennessee.


**OPINION**


*Factual Background*


On May 2, 2005, the Carroll County Grand Jury indicted Petitioner for aggravated burglary, theft over $500, first-degree premeditated murder, and accessory after the fact or facilitation to commit first-degree murder. On January 30, 2007, Petitioner pled guilty to the lesser-included offense of second-degree murder and facilitation to commit murder for which he was sentenced to concurrent forty-year sentences at 100%. As part of the agreement, the charges of aggravated burglary and theft over $500 were dismissed. Upon entering the agreement, the trial court properly affirmed that Petitioner understood the nature and length of the charges, the range and manner of the agreed upon sentences, his rights and consequential impact of pleading guilty, and confirmed that he was not suffering from any mental illness which would prevent him from understanding these pleadings and subsequent proceedings.


Petitioner then filed a timely motion to withdraw his guilty pleas. At the same time, trial counsel filed a motion to withdraw from the case. A hearing was conducted on the two motions on May 25, 2007. During the hearing, Petitioner testified about his reluctance to plead guilty because he believed that he had a good chance of being acquitted or being convicted of a lesser offences if he had gone to trial. According to Petitioner, trial counsel erroneously informed him, following his plea, that "he could not go to trial and that the 'only chance' to 'come back' was through post-conviction." Petitioner's mother testified that trial counsel told Petitioner that his "best chance" of avoiding a life sentence was to accept the State's plea offer and to seek relief under post-conviction. Petitioner testified that he understood he was responsible for murder even though he did not pull the trigger that resulted in the victim's death. Despite this admission, Petitioner still wanted to try his case because he maintained the belief he was not guilty of murder. The persistent advice of trial counsel finally persuaded Petitioner to accept the State's offer to plead guilty.


In its written order from June 5, 2007, the trial court stated, "references concerning ineffective assistance of counsel surrounding the plea negotiations, [and these] matters . . . should be properly pursued under the Tennessee Post-Conviction Procedure Act." In so doing, the trial court sustained trial counsel's motion to withdraw, and treated Petitioner's motion to withdraw his guilty pleas as a petition for post-conviction relief. Per instructions of the trial court, newly appointed counsel was then provided thirty days to file an amended

-2-

petition setting forth grounds upon which Petitioner sought post-conviction relief.

On January 28, 2013, Petitioner filed an "Amended Petition for Post-Conviction Relief combined with Rule 36 Motion to Correct Clerical Error in Order" as he asserted he had previously established "fair and just reasons" to withdraw his guilty pleas. Also, Petitioner claimed that the trial court failed "to address provision for a direct appeal," pursuant to Tennessee Rule of Criminal Procedure 36. In response, the State filed a motion to dismiss the amended post-conviction petition because Petitioner had untimely filed it nearly five years after the time frame set forth in the trial court's June 5, 2007 order, and more than one year after the judgment had become final.

The trial court entered an order treating the amended petition as a motion to reopen post-conviction and dismissed it on the grounds that it was time barred under Tennessee Code Annotated section 40-30-102(a). Petitioner appealed.

*ANALYSIS*

On appeal, Petitioner challenges the post-conviction court's decision to treat his motion to withdraw his guilty plea as a post-conviction petition. The State concedes error. Accordingly, both parties agree that the judgment of the post-conviction court treating Petitioner's amended post-conviction petition as a motion to reopen post-conviction and summarily dismissing it should be reversed and remanded. On remand, the parties suggest the court enter a written order ruling on Petitioner's motion to withdraw his guilty pleas based on the proof presented at the May 2007 evidentiary hearing.

Tennessee Rule of Criminal Procedure 32(f) permits a defendant to withdraw a guilty plea under certain circumstances. If a sentence has yet to be imposed, the trial court may grant a motion to withdraw "for any fair and just reason." Tenn. R. Crim. P. 32(f)(1). If the defendant has been sentenced, a trial court may still grant a motion to withdraw a guilty plea before the judgment becomes final but only "to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2). Our supreme court has held that "a judgment of conviction enter[ed] upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence." *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003).

Furthermore, this Court has previously held that "when a motion to withdraw a guilty plea is erroneously treated as a petition for post-conviction relief, the trial court's denial of post-conviction relief must be reversed to allow the petitioner to proceed on his [Tennessee Rule of Criminal Procedure] Rule 32 motion." *David Wayne Hearing v. State*, No. E2006-00362-CCA-R3-PC, 2006 WL 3813625, at *2 (Tenn. Crim. App., at Knoxville, Dec. 28, 2006) (citing *John Lewis Adams v. State*, No. E2001-02765-CCA-R3-PC, Hamilton

County, slip op. at 3 (Tenn. Crim. App. May 27, 2003)). In *David Wayne Hearing*, this court explained, "the required showing by the petitioner to the post-conviction court differed, depending on whether the request was treated as a Rule 32(f) motion to withdraw his pleas or as a post-conviction petition." 2006 WL 3813625, at *2. To succeed on a motion to withdraw a guilty plea, one has to prove the existence of a "manifest injustice" that necessitates that a motion be granted. *Id.*

Petitioner's guilty plea, which included his sentences, was entered on January 30, 2007. Ten days later, Petitioner filed his motion to withdraw his guilty plea. Consequently, the motion was timely under Tennessee Rule of Criminal Procedure 32(f) and should not have been treated as a petition for post-conviction relief. Accordingly, the dismissal of the motion to withdraw the plea is reversed and remanded for further proceedings.

We acknowledge that the post-conviction court conducted an evidentiary hearing on the petition for post-conviction relief and included evidence related to Petitioner's reasons for seeking to withdraw his guilty pleas similar to the factual scenario in *David Wayne Hearing*. *See* 2006 WL 381365, at *1. Therefore, on remand, a second evidentiary hearing may not be necessary. The post-conviction court should consider the evidence in light of the standards for withdrawing a guilty plea under Rule 32(f) to determine whether there was a "manifest injustice" that would compel the motion to be granted.

## *CONCLUSION*

Based on the record as a whole, we reverse the judgment of the trial court, and remand for consideration of Petitioner's motion to withdraw his guilty plea.

_____
JERRY L. SMITH, JUDGE