# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs April 14, 2015

## STATE OF TENNESSEE v. DAMASCUS WILLINGHAM

**Direct Appeal from the Circuit Court for Madison County**
**No. 12-64     Nathan Pride, Judge**

**No. W2014-01539-CCA-R3-CD  -  Filed July 17, 2015**

The appellant, Damascus Willingham, appeals the Madison County Circuit Court's denial of his motion to review and modify his sentences.  Based upon the record and the parties' briefs, we dismiss the appeal.

**Tenn. R. App. 3 Appeal as of Right; Appeal is Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Jeff Mueller (on appeal) and Angela Hopson (at trial), Jackson, Tennessee, for the appellant, Damascus Willingham.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; James G. Woodall, District Attorney General; and Benjamin Caldwell Mayo, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On May 20, 2011, the appellant pled guilty in case number 11-246 to possession of marijuana with intent to sell, a Class E felony, and possession of drug paraphernalia, a Class A misdemeanor, and the trial court sentenced him as a Range I, standard offender to concurrent sentences of two years and eleven months, twenty-nine days, respectively, to be served in community corrections.  The sentences were to be served consecutively to a previous sentence in case number 11-144.  On February 8, 2012, the appellant pled

guilty in case number 12-64 to tampering with evidence, a Class D felony, and possession of marijuana with intent to sell, a Class E felony, and received concurrent sentences of three and two years, respectively, to be served in community corrections. The appellant was to serve the sentences in case number 12-64 consecutively to his effective two-year sentence in case number 11-246 and his sentence in case number 11-144.

On August 1, 2012, the appellant's community corrections supervisor filed an affidavit in case numbers 11-246 and 12-64, alleging that the appellant had violated the terms of his community corrections sentences by testing positive for marijuana on July 17, 2012. The trial court issued a violation warrant, and the appellant was arrested.

The record reflects that the trial court held a revocation hearing on August 14, 2012. The hearing transcript is not in the appellate record. However, according to the trial court's written order filed on August 23, 2012, the court found that the appellant violated the terms of community corrections by testing positive for marijuana on July 17, 2012, revoked his community corrections sentences, and ordered that he serve his effective five-year sentence in confinement with credit for time served in jail. On September 13, 2012, the appellant filed a motion requesting that the trial court review his case and set aside its revocation order. In the motion, the appellant stated that he tested positive for drugs prior to signing the rules and conditions of his community corrections sentences, that no one advised him about the prohibition of taking narcotics while he was in community corrections, and that he never received an opportunity for drug treatment. The appellant also stated that he had a severe and traumatic brain injury and would "suffer greatly" from being incarcerated in the Tennessee Department of Correction (TDOC). The record does not contain an order or transcript of any proceedings reflecting the court's disposition of the motion.

On April 25, 2014, the appellant filed a second motion, requesting that the trial court review and modify his sentences so that he could be released on probation. In the second motion, the appellant claimed that the trial court denied his first motion but "stated on the record that the court would be willing to review the decision after more time had passed." On June 24, 2014, the trial court held a hearing on the second motion. During the hearing, counsel for the appellant argued that the appellant's serving his sentences in confinement was excessive punishment because he did not have any convictions for violent offenses, had been employed at Wendy's prior to his arrest, and had employment waiting for him at Wendy's upon his release. The trial court questioned whether it still had jurisdiction over the case, noting that it denied the first motion on April 26, 2013. The court stated that, in any event, it had "nothing before it that indicates a change in circumstances."[1] The trial court filed a written order denying the second

---

[1] We note that Judge Donald H. Allen presided over the appellant's probation revocation but that

motion on July 1, 2014. On July 31, 2014, the appellant filed a notice of appeal "from the final judgment entered in this cause on 1 day of July 2014."

## II.  Analysis

The appellant contends that the trial court abused its discretion "in denying the review of sentence as well as placing Defendant in prison originally. Neither the individual nor society at large will gain from such callous, dismissive judicial actions." Unfortunately, the State does not address whether the trial court had jurisdiction over the case, arguing only that the trial court properly denied the appellant's second motion. We conclude that the appeal must be dismissed.

The appellant never filed a notice of appeal pursuant to Rule 3(e), Tennessee Rules of Appellate Procedure, from the trial court's order revoking his probation and ordering confinement. Instead, he filed two motions essentially requesting that the trial court reconsider its decision to revoke his probation and have him serve his sentences in the TDOC. Rule 3 of the Tennessee Rules of Appellate Procedure does not provide for an appeal as of right from the denial of a motion to reconsider. See Tenn. R. App. P. 3(b); State v. Levar O. Williams, No. E2014-01068-CCA-R3-CD, 2015 WL 1291137, at *2 (Tenn. Crim. App. at Knoxville, Mar. 15, 2015), perm. to appeal denied, (Tenn. 2015). Moreover, by the time the appellant filed his second motion on April 25, 2014, more than twenty months after the trial court revoked his probation and almost one year after the trial court denied his first motion to reconsider, the trial court had lost jurisdiction of his case. See Tenn. R. App. P. 4(a), (c); see also State v. Green, 106 S.W.3d 646, 648-49 (Tenn. 2002). Accordingly, his appeal is dismissed.

## III.  Conclusion

Based upon the record and the parties' briefs, we dismiss the appeal.

_____
NORMA MCGEE OGLE, JUDGE

---

Judge Nathan Pride presided over the motion hearings.