FILED
04/28/2017
Clerk of the
Appellate Courts



# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
April 11, 2017 Session

## RAQUEL HAYES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 14-04675        James C. Beasley, Jr., Judge**

_____

### No. W2016-01385-CCA-R3-PC

_____

Petitioner, Raquel Hayes, appeals from the dismissal of her petition for post-conviction relief. At oral argument, the State acknowledged that the post-conviction court erred, and we agree. As a result, the judgment of the Criminal Court is reversed and the matter is remanded for a full evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Eric J. Montierth, Memphis, Tennessee, for the appellant, Raquel Hayes.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This matter is filled with regrets. By way of a guilty plea, Petitioner was convicted of domestic assault and misdemeanor child abuse on April 15, 2015. Petitioner was to serve five days, concurrent, for each offense, and pay a $250.00 for the domestic assault conviction only.[1] Regretfully, neither of the two judgment forms indicates if

_____

[1] The special conditions box on each of the judgments indicate "5 days time served."

Petitioner received a probation period. They do, however, indicate that Petitioner should receive 161 days of pretrial jail credit.

Full of regret for her actions, on May 13, 2016, Petitioner, with the assistance of counsel, filed a petition for post-conviction relief, claiming her plea was unlawfully induced, she did not understand the nature and consequences of the plea and she received ineffective assistance of trial counsel. Petitioner now regrets that the 2015 pleas prevent her from entering a diversionary plea on her current pending charges, which we feel certain she regrets committing.

To Petitioner's additional regret, the post-conviction court denied her petition finding that her right to post-conviction relief was extinguished upon the expiration of a one-year statute of limitations. The post-conviction court will regret this finding.

At oral argument, the State regretted that it had taken so much time to prepare a six-page written brief in opposition to the Petitioner's appeal. This Court regretted that we had taken time to read the briefs and prepare our minds for stimulating oral arguments. Within moments, counsel for Petitioner realized that his drive from Memphis to Jackson would be one free of regret. While demonstrating a regretful heart of defeat, the State admitted that this Court has previously determined that a judgment of the type entered in April of 2015, does not mature to a final order until thirty days beyond the entry of the order. This gives the normally regrettable last-minute-filer thirteen months for relief on an otherwise one year statute of limitations. Unfortunately, and of course regrettably, the cases relied on by the State are unpublished and, according to the State's brief, provide no binding authority. This Court has pointed out, however, that "we see no reason why a judgment would become final at a different time for post-conviction purposes as it would for any other purpose." *Allen Oliver v. State*, No. W2002-02085-CCA-R3PC, 2003 WL 21338938, at *1 (Tenn. Crim. App. May 16, 2003), *no perm. app. filed* (Tenn. Crim. App.); *see also* T.C.A. § 40-30-102(a); *State v. Green*, 106 S.W.3d 646 (Tenn. 2003) (determining "a judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry").

We still agree. We reverse the judgment of the post-conviction court and remand the matter to the post-conviction court for a full evidentiary hearing. No regrets.

_____
TIMOTHY L. EASTER, JUDGE