IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2018

## MATTHEW JACKSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sumner County**
**No. 906-2000     Dee David Gay, Judge**

_____

### No. M2017-02111-CCA-R3-ECN

_____

Petitioner, Matthew Jackson, appeals after he failed to receive relief from his third petition for writ of error coram nobis. For a multitude of reasons, including the failure to file a timely petition, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Matthew Jackson, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General for the appellee, State of Tennessee.

**OPINION**

Petitioner is no stranger to this Court or the appellate process. Petitioner was arrested in October of 2000 for the rape and robbery of a video store employee in Springfield, Tennessee, and was subsequently charged with other similar rapes and robberies in several Tennessee and Kentucky counties. *See State v. Matthew Melton Jackson*, No. M2005-01374-CCA-R3-CD, 2006 WL 1896350, at *1 (Tenn. Crim. App. July 7, 2006), *perm. app. denied* (Tenn. Nov. 13, 2006). At issue herein are Petitioner's August 2001 guilty pleas to four counts of aggravated robbery in Sumner County. *See Matthew M. Jackson v. State*, No. M2003-02057-CCA-R3-CO, 2004 WL 2266800, at *1 (Tenn. Crim. App. Oct. 7, 2004), *perm. app. denied* (Tenn. Feb. 28, 2005). Petitioner's history of appeals from these convictions was well documented in his last visit to this

Court, which was his second unsuccessful attempt at coram nobis relief. *See Matthew Jackson v. State*, No. M2012-01063-CCA-R3-CO, 2012 WL 6694089, at \*2 (Tenn. Crim. App. Dec. 26, 2012), *no perm. app. filed.*

The subject of the present appeal is Petitioner's September 6, 2016 pleading entitled "Motion for Withdrawal of Guilty Plea and/or in the Alternative Petition for Writ of Error Coram Nobis." The trial court denied relief, finding that the pleading, if treated as a motion to withdraw a guilty plea, was untimely. Likewise, the trial court denied relief via a writ of error coram nobis based on an untimely filed petition, commenting that "Petitioner keeps making unjustifiable attempts for the Writ of Error Coram Nobis." This timely appeal followed.

*Analysis*

Petitioner argues on appeal that his guilty pleas were unknowing and involuntary, that he received ineffective assistance of counsel, that his sentences are illegal, that due process requires the tolling of the statute of limitations, and that he is entitled to present his claims at a meaningful time in a meaningful manner. The State submits simply that Petitioner's claim is barred by the statute of limitations and that a petition for writ of error coram nobis is not the proper method for collaterally attacking a guilty plea. We agree with the State.

This Court has determined, on more than one occasion, that Petitioner is not entitled to error coram nobis relief. *See Matthew Jackson*, 2012 WL 6694089, at \*2; *Matthew Jackson v. State*, No. M2010-02497-CCA-OT-CO, 2011 WL 2713625, at \*1 (Tenn. Crim. App. July 13, 2011), *perm. app. denied* (Tenn. Nov. 16, 2011). Despite his persistence, Petitioner is still not entitled to error coram nobis relief. *See Matthew Jackson*, 2012 WL 6694089, at \*4-5. More importantly, the writ of error coram nobis is not a procedural vehicle for collaterally attacking a guilty plea. *Frazier v. State*, 495 S.W.3d 246, 253 (Tenn. 2016). Additionally, any attempt by Petitioner to withdraw his guilty pleas is also untimely. *See* Tenn. R. Crim. P. 32(f); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003).

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

- 2 -