FILED

02/27/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 14, 2019

**TAMIR CLARK v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Rutherford County**
No. F-66462          Royce Taylor, Judge

_____

**No. M2019-00657-CCA-R3-CO**

_____

The pro se Petitioner, Tamir Clark, appeals the circuit court's dismissal of his motion to withdraw his 2012 guilty pleas. Following our review, we affirm the judgment of the trial court summarily dismissing the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

Tamir Clark, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General; and J. Paul Newman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On November 21, 2012, the Petitioner pled guilty to especially aggravated kidnapping, arson, especially aggravated robbery, and attempted first degree murder based on offenses committed against his stepmother. Pursuant to the terms of his plea agreement, he received an effective sentence of twenty-five years at 100% in the Department of Correction. He was later unsuccessful with both a petition for post-conviction relief alleging ineffective assistance of counsel and unknowing and involuntary pleas, see Tamir Clark v. State, No. M2014-00618-CCA-R3-PC, 2014 WL 7191536, at *1 (Tenn. Crim. App. Dec. 18, 2014), perm. app. denied (Tenn. Apr. 13,

2015), and a petition for writ of error coram nobis alleging newly discovered evidence. See Tamir Clark v. State, No. M2016-01079-CCA-R3-ECN, 2017 WL 568546, at *1 (Tenn. Crim. App. Feb. 13, 2017).

On March 27, 2019, the Petitioner filed the instant "Motion to Withdraw Guilty Plea" pursuant to Rule 32(f)(2) of the Tennessee Rules of Criminal Procedure. The Petitioner alleged that the judgment for his especially aggravated robbery conviction was "statutorily improper[] because it failed to provide a schedule for or method of payment" of restitution, as required by the robbery and theft statutes. The Petitioner further alleged that his guilty pleas in the case were unknowing and involuntary because the trial court failed to make him aware of his "mandatory obligation" to pay restitution.

On April 3, 2019, the trial court entered an order summarily dismissing the motion on the basis that it lacked jurisdiction over the Petitioner, who had already been sentenced to confinement in the Department of Correction. This appeal followed.

## ANALYSIS

Tennessee Rule of Criminal Procedure 32(f) provides that a trial court may grant a motion to withdraw a guilty plea for any fair and just reason before the sentence has been imposed. Tenn. R. Crim. P. 32(f)(1). After the sentence has been imposed *but before a judgment becomes final*, "the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2). "[A] judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). We review a trial court's determination regarding a motion to withdraw a guilty plea for an abuse of discretion. State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010). An abuse of discretion occurs when a trial court "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, . . . applies reasoning that causes an injustice to the complaining party[, or] . . . fail[s] to consider the relevant factors provided by higher courts as guidance for determining an issue." Id. (internal citations omitted).

We find no abuse of discretion in the trial court's dismissal of the motion without a hearing. The Petitioner's convictions clearly became final years before he filed the instant motion to withdraw his guilty plea. In his brief, the Petitioner argues that the especially aggravated robbery judgment never became final because there was no order of restitution marked on the judgment. He also argues that this court has no jurisdiction to consider this appeal because there was not a final order in the trial court. We are unpersuaded by both arguments. Accordingly, we affirm the summary dismissal of the motion to withdraw the guilty plea.

- 2 -

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE