IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 28, 2022

**JOHN A. PURCELL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Washington County**
**No. 45217     Stacy L. Street, Judge**

_____

**No. E2021-00996-CCA-R3-PC**
_____

Petitioner, John A. Purcell, appeals the dismissal of his post-conviction petition for being untimely filed.  On appeal, he asserts that he received ineffective assistance of trial counsel before entering his guilty plea and that the post-conviction court erred by not conducting a complete evidentiary hearing before dismissing his petition as untimely.  Having reviewed the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JOHN W. CAMPBELL, SR., JJ., joined.

Akiah C. Highsmith, Johnson City, Tennessee (on appeal), Darcee Kubisiak, Johnson City, Tennessee (at post-conviction hearing), for the appellant, John Anthony Purcell.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Ken C. Baldwin, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural History**

Petitioner was indicted for first-degree murder and especially aggravated robbery. He subsequently entered a nolo contendere guilty plea on June 23, 2014, to second-degree murder and agreed to be sentenced out of range to thirty years as a Multiple Offender with 100% release eligibility.  The facts of this case, as set forth by the State at the guilty plea submission hearing, are as follows:

[B]ack on the 25th day of May, 2010, the [D]efendant and three (3) other people, went to a residence that was actually rented in the name of one of the defendants, one of the ladies. Anyway, as we understand it, we have testimony that at a point in time the lady who had the apartment rented, unlocked the door, opened the door, the two (2) defendants, the two (2) male defendants, Mr. [Gary] Gilbert and [Defendant], went inside and inside was a Mr. Stephen Rodriquez, he was there. Apparently, he was here to sell some drugs. In any event, the idea was to rob this man of his money and/or drugs. Once the two (2) men got inside, one of which was this [D]efendant, the victim, Mr. Rodriguez, was pistol-whipped severely and at a point in time after he was basically subdued, [Defendant] here went to look for money and/or drugs. The house was rifled through, all the registries and things like that were opened, and he came back to where Mr. Gilbert had the [victim] still subdued, and then Mr. Gilbert and this [D]efendant decided that that man needed to be killed. And so Mr. Gilbert actually took a knife and cut his throat. Then the two (2) men left, went out to the car and got in the car and left. Basically, this [D]efendant did not actually kill Mr. Rodriguez, but he's charged under the Felony Murder Rule, which, of course, is if you're involved in a felony and you participate in a felony, even if you didn't intend to be involved in the killing of one of the people inside, then you're guilty on the law of killing the man regardless of the fact that you weren't involved in the actual killing. The charge of Especially Aggravated Robbery in consideration of a plea, which is also an "A" felony is being dismissed.

Petitioner filed an untimely *pro se* petition for post-conviction relief on May 8, 2019, alleging that trial counsel rendered deficient performance and numerous other grounds. Petitioner conceded that his post-conviction petition was untimely but alleged that the statute of limitations failed to provide him with a reasonable opportunity to have his newly discovered grounds heard and that it was unconstitutional as applied to him because it denied him "[d]ue [p]rocess under the state and federal constitutions." Petitioner further asserted that the untimeliness of his petition resulted from "justifiable excuses" or "excusable neglect" due to "lack of criminal procedure and ignorance of appellate procedure as options for relief." Counsel was appointed, and an amended post-conviction petition was filed on July 22, 2020, alleging additional grounds for relief and further claims of ineffective assistance of counsel. The State in its response argued that Petitioner's post-conviction petition was untimely and should be dismissed, and that Petitioner's claims of ineffective assistance of counsel were without merit.

At the post-conviction hearing, Petitioner testified he did not receive all of his discovery materials until "just maybe a year ago when I requested it from [trial counsel]."

He said: "There are statements that I had never seen before and statements that I had partially heard and did not go parallel with the written statements that I had received." Petitioner further testified that he received a "statement or two" from his co-defendant, Mr. Gilbert, and Mr. Gilbert's "mom and dad's statement, and maybe another person or two's statements that really would have actually helped me if I had heard the full statements."

Petitioner testified that trial counsel did not advise him of the right against self-incrimination, and counsel failed to explore "to the fullest extent" statements from his co-defendant's family members. He said that Mr. Gilbert's mother's written statement failed to include the assertion in her audio statement that Mr. Gilbert had threatened to kill a family member if they spoke to anyone about the case. Petitioner testified that Timothy Honeycutt, Jr. told the detective that Mr. Gilbert asked him to help sell his gun because Mr. Gilbert needed money for an attorney. He further testified that Mr. Honeycutt also said Mr. Gilbert told him to "stay quiet and don't mention this to anyone." Petitioner claimed that Mr. Honeycutt's written statement "was partial compared to the audio that I received about a year ago from [trial counsel]." He said that he told trial counsel that he knew that Mr. Gilbert was not telling the truth. Petitioner wanted an investigator to question everyone but he did not know if trial counsel complied with his request.

Petitioner testified that he had a pending case in Virginia when he pled guilty in Tennessee. He said that trial counsel did not advise him that his Tennessee sentence could be ordered to be served consecutively to his Virginia sentence, and he did not understand what thirty years at 100% meant. Petitioner testified that he received the State's plea offer of second-degree murder a week before the guilty plea submission hearing, that trial counsel told him that it was the best offer that Petitioner would receive and that Petitioner did not have to accept the offer but that it was in his best interest. Petitioner claimed that he did not have time to think about the plea offer because of "all the things that were going on in Tennessee and Virginia;" however, he signed the plea agreement the next time that he met with trial counsel. He said that he did not undergo a mental health assessment prior to entering the plea nor was there anything done to determine his competency at the time of the offense.

Petitioner testified that trial counsel did not discuss the plea offer with him or review the waiver of rights form in depth with him prior to the guilty plea submission hearing. He said that on the day of the hearing, trial counsel spoke with him in court and "had some papers . . . and basically was going over the plea, you know, skipping over it . . ." Petitioner testified that trial counsel failed to advise him prior to the plea hearing that he would incriminate himself during the plea submission hearing.

On cross-examination, Petitioner admitted that he knew prior to the plea hearing that he had the right to remain silent and not testify if he proceeded to trial, that he signed the guilty plea agreement and waiver of rights form and that he understood from the form that he had the right to talk or not talk. Petitioner further admitted that he never told the

trial court that he did not understand the plea agreement and waiver of rights form. Although he told the trial court at the plea hearing that he understood his conviction could be used against him in the future, Petitioner claimed that he did not fully understand what he was agreeing to or that his conviction would be used to enhance another sentence. Petitioner agreed that the transcript of the plea hearing indicated that he was advised that his sentence would be served at 100%. However, he said that he was "under the impression that hundred percent was that that's what it says, but it's actually 85%." Petitioner also testified that he did not understand "that pleading outside of my range meant that I could get more time. I didn't understand that."

After the Petitioner concluded his testimony and closed his proof, and before the State presented any witnesses, the post-conviction court announced that it was required to make a threshold determination of "whether or not the petition is even properly before this Court." The post-conviction court noted that a post-conviction petition must be filed "one year from the date of the last or final action of the highest state appellate court to which the appeal is taken, or if no appeal is taken, within one year of the date on which the judgment becomes final." The post-conviction court found: "[Petitioner] pled guilty on June 23[], 2014. Judgment becomes final one month later, which is July 23[], 2014. Petitioner's petition for post-conviction relief was filed on June 10, 2019, almost five years later, which is clearly outside of the statute of limitations."

The post-conviction court reviewed the statutory exceptions to the statute of limitations for filing a post-conviction petition and concluded that Petitioner did not allege a claim establishing a new constitutional right, a claim based upon new scientific evidence establishing that Petitioner was actually innocent of the offense, or a claim that his sentence was enhanced because of a previous conviction that was later held to be invalid. The post-conviction court noted the three types of cases in which due process requires the tolling of the statute of limitations and found that Petitioner's claims for relief did not arise after the statute of limitations had passed, there was no proof suggesting Petitioner suffered from mental incompetence that prevented him from complying with the deadline for filing his petition, and there was no proof of attorney misconduct necessitating tolling of the statute of limitations. The post-conviction court further found no proof to show that Petitioner had been pursuing his rights diligently and that some extraordinary circumstances prevented a timely filing of the petition.

The post-conviction court concluded:

> This Court is going to find that the petition for post-conviction relief was filed after the one-year statute of limitations had ran, and that none of the tolling statutory or due process factors apply that would justify the […] tolling, rather, of the statute of limitations, and that the Petitioner was given opportunities today to present such evidence that […] would have justified the tolling of the statute of limitations.

On the above basis, the post-conviction court dismissed Petitioner's post-conviction petition without completing the evidentiary hearing.

## ANALYSIS

Petitioner argues that trial counsel was ineffective for failing to "fully review" discovery with him, failing to "investigate inconsistencies in written and audio statements," and for not explaining the plea agreement and ensuring that Petitioner understood it. Petitioner further alleges that the post-conviction court erred by conducting an "incomplete evidentiary hearing" and not permitting "trial counsel to be cross[-]examined when a colorable claim of ineffective assistance of counsel existed." The State responds that the post-conviction court properly dismissed the post-conviction petition as untimely without a full evidentiary hearing. The State further asserts that even if this court were to find that the post-conviction court erred by dismissing the petition as untimely, "appellate review of [P]etitioner's claim is improper at this time" because the State was not "afforded an opportunity to present any proof at the evidentiary hearing[,] and the post-conviction court did not make any findings of fact or conclusion of law regarding the merits of [Petitioner's] ineffective assistance claim."

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A person in custody under a sentence of a court of this state must petition for post-conviction relief "within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final." *Id.* § 40-30-102(a). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* Moreover, "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one[ ]year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id.* If it plainly appears on the face of the post-conviction petition that the petition was filed outside the one-year statute of limitations or that a prior petition attacking the conviction was resolved on the merits, the post-conviction court must summarily dismiss the petition. *Id.* § 40-30-106(b). "The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is ... subject to de novo review." *Bush v. State*, 428 S.W.3d 1, 16 (Tenn. 2014) (citing *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011) ).

Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief: (1) claims based on a final ruling of an appellate court establishing a constitutional right not recognized as existing at the time of trial and given retroactive effect by the appellate courts; (2) claims based upon new scientific evidence establishing that the petitioner is actually innocent of the

conviction offense; and (3) claims seeking relief from a sentence that was enhanced because of a previous conviction and the previous conviction was later held to be invalid. T.C.A. §§ 40-30-102(b)(1)-(3).

In addition to the statutory exceptions, our supreme court has held that due process principles may require tolling the statute of limitations. *See Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013). To date, our supreme court "has identified three circumstances in which due process requires tolling the post-conviction statute of limitations" (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents him from complying with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. *Id.* at 623-24. To succeed upon such a claim, a petitioner must show "(1) that he or she had been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Id.* at 631 (citing *Holland v. Florida*, 560 U.S. 631, 648-49 (2010) ).

Petitioner in this case concedes that his petition for post-conviction relief was filed outside of the one-year statute of limitations. We agree with the findings of the post-conviction court that nothing was presented at the post-conviction hearing that would justify the tolling of the limitations period. Petitioner pled guilty on June 23, 2014, and therefore, his judgment became final on July 23, 2014. *State v. Green*, 106 S.W.3d 646 (Tenn. 2003). As such, the statute of limitations for Petitioner's post-conviction claims expired on July 23, 2015. Petitioner's petition for post-conviction relief was filed on June 10, 2019, almost five years later, which is clearly outside of the limitations period. He has not demonstrated that any of the statutory exceptions to toll the statute of limitations apply in his case or that he is entitled to due process tolling. Furthermore, there is no proof to show that Petitioner had been pursuing his rights diligently and that some extraordinary circumstances prevented a timely filing of the post-conviction petition. Thus, the petition was untimely, and the post-conviction court properly dismissed the petition without completing the evidentiary hearing. Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing, we affirm the dismissal of the petition for post-conviction relief as untimely.

_____
JILL BARTEE AYERS, JUDGE