IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 5, 2018

**TERRY CARAWAY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 04-04267          Glenn Ivy Wright, Judge**

_____

**No. W2017-01754-CCA-R3-PC**

_____

Petitioner, Terry Caraway, was indicted by the Shelby County Grand Jury for first degree premeditated murder, felony murder, and aggravated burglary. On December 15, 2004, Petitioner pleaded guilty to first degree premeditated murder, and the remaining counts were dismissed. The trial court sentenced Petitioner to life imprisonment. On May 12, 2015, Petitioner filed a *pro se* motion to toll the post-conviction statute of limitations, claiming that he was mentally incompetent and that he was unable to understand the law and comply with the statute of limitations, and a *pro se* post-conviction petition, alleging that his guilty plea was involuntary. Petitioner was appointed counsel, and counsel filed an amended motion to toll the statute of limitations. An evidentiary hearing on the motion to toll the statute of limitations was held on February 25, 2016, and taken under advisement. An order was entered on December 25, 2016, granting Petitioner the services of an expert "to the extent allowed by law" to determine whether Petitioner suffered from mental illness at the time of the offenses. On August 3, 2017, the post-conviction court entered an order denying Petitioner's motion, in which the court concluded that Petitioner had been unable to present sufficient evidence to prove he suffered from mental illness during the applicable time period. The order effectively dismissed the petition for post-conviction relief, which was filed several years after the statute of limitations had expired. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Mark A. Renken, Memphis, Tennessee (on appeal) and Seth Seagraves, Memphis, Tennesseee (at trial) for the appellant, Terry Caraway.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Austin Scofield, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts*

A transcript of the guilty plea hearing is not included in the record; however, the facts underlying Petitioner's conviction are not necessary to review the issues before us.

At the hearing on Petitioner's motion to toll the statute of limitations, Petitioner's mother, Phillis Durden, testified that Petitioner seemed developmentally normal from birth to the age of three. She began noticing problems when Petitioner started school. In Kindergarten, she "noticed that he was having problems with his work." By second grade, Ms. Durden noticed "that [Petitioner] was kind of slow" and had difficulty completing his work. When Petitioner was in high school, Ms. Durden had him tested at the University of Tennessee Boling Center. Petitioner was evaluated "as mildly mentally retard[ed]."

Carlos Hardy testified that he met Petitioner while incarcerated at the Louis M. DeBerry Special Needs Facility in Nashville. He assisted Petitioner in filing for post-conviction relief. Mr. Hardy testified that Petitioner told him that he was 15 years old when he entered his plea and that he had not "filed anything in the court system." Mr. Hardy explained to Petitioner that he needed to seek post-conviction relief. Mr. Hardy testified that Petitioner did not seem to understand the legal process and was not able to help in the preparation of his petition. On cross-examination, Mr. Hardy acknowledged that he had no knowledge of Petitioner's condition in 2004 or 2005.

The State introduced as an exhibit a psychological evaluation of Petitioner from 2004. The evaluation stated that Petitioner had "a history of psychiatric treatment for depression and functions at the level of borderline intellectual ability."

At the conclusion of the hearing, the post-conviction court found that "it appears that [Petitioner] was probably mildly mentally retarded at the time he entered this guilty plea when he was 15 years of age to murder first degree." The court took the motion under advisement and noted, "[i]f I err, I will certainly err on the side of giving [Petitioner] a Post-Conviction Hearing, quite frankly."

In the order entered on December 15, 2016, the post-conviction court found that there was insufficient evidence to determine whether Petitioner suffered from a mental

disease or defect that would prevent him from understanding his legal position and the options available to him. The order states:

> Because the Petitioner was fifteen (15) years of age at the time of the crime, was mentally retarded, and received a life sentence for the conviction of first degree murder, this court believes that a heighten[ed] level of scrutiny is required. Therefore, the court will relax the normal time requirements to give the Petitioner an opportunity to establish his claim.
>
> To the extent allowed by law, the Petitioner is granted the services of an expert witness to help determine whether from 12/16/2004 to 12/16/2005 the Petitioner suffered from mental illness which prevented the timely filing of the post-conviction petition pursuant to the guidelines outlined herein.

We note that the applicable time period in which Petitioner had to timely file a petition for post-conviction relief was actually January 17, 2005, to January 18, 2006. A petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final, or consideration of the petition is barred. T.C.A. § 40-30-102(a). Generally, "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003); *see* Tenn. R. App. P. 4; *see* Tenn. R. App. P. 21(a) (In computing time for filing, when the last day for filing is a Saturday, Sunday, or legal holiday, the period runs until the next day that is not a Saturday, Sunday, or legal holiday).

In a subsequent written order denying Petitioner's motion to toll the statute of limitations, the post-conviction court stated that "Petitioner presented testimony from lay witnesses regarding his claim but no expert testimony or testimony regarding his mental condition from the period of December 16, 2005 [sic] until December 16, 2006 [sic], which is the relevant time period in question." The court concluded that the evidence was not sufficient to establish that Petitioner suffered from mental illness which would prevent the [timely] filing of his Post[-]Conviction Petition."

## *Analysis*

Post-conviction relief is available within one year of the date of a judgment's becoming final. T.C.A. § 40-30-102(a). The Post-Conviction Procedure Act states, "[t]ime is of the essence of the right to file a petition for post-conviction relief . . . , and

- 3 -

the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id*. The statute provides three exceptions: (1) the petition is based on a "final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required"; (2) the petition is based on new scientific evidence; or (3) the petition seeks relief from a sentence that was enhanced because of a previous conviction that was later held to be invalid. T.C.A. § 40-30-102(b).

In addition to the statutory exceptions, our supreme court "has identified three circumstances in which due process requires tolling the post-conviction statute of limitations": (1) when a claim for relief arises after the statute of limitations has expired; (2) when a petitioner is prevented by his or her mental incompetence from complying with the statute's deadline; and (3) when attorney misconduct necessitates the tolling of the statute. *Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013).

In determining whether the statute of limitations should be tolled due to a petitioner's incompetence, the question is "whether the petitioner possesses 'the present capacity to appreciate [the petitioner's] position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether the petitioner is suffering from a mental disease, disorder, or defect which may substantially affect the petitioner's capacity.'" *Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 512-13 (Tenn. 2013) (quoting Tenn. Sup. Ct. R. 28, § 11(B)(1)). "The question is not whether the [petitioner] is able to care for himself or herself, but whether the [petitioner] is able to make rational decisions concerning the management of his or her post-conviction appeals." *Reid*, 396 S.W.3d at 513.

The inquiry begins with a presumption that the petitioner is competent. *Id*. at 512. The petitioner must then make a prima facie showing that he or she is incompetent "by submitting affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence." *Id*. If a prima facie showing is made, the post-conviction court will then "schedule a hearing to determine whether the [petitioner] is competent to manage his [or her] petition." *Id*. At the hearing, the burden is on the petitioner to prove "that he or she is mentally incompetent by clear and convincing evidence." *Id*. at 494 (citing T.C.A. § 40-30-110(f)).

In conducting its analysis, the trial court should ask the following questions:

(1) Is the person suffering from a mental disease or defect?

- 4 -

(2) If the person is suffering from a mental disease or defect, does that disease or defect prevent him from understanding his legal position and the options available to him?

(3) If the person is suffering from a mental disease or defect which does not prevent him from understanding his legal position and the options available to him, does that disease or defect, nevertheless, prevent him from making a rational choice among his options?

*Id*. at 513 (quoting *Rumbaugh v. Procunier*, 753 F.2d 395, 398-99 (5th Cir. 1985)).

> A decision may be rational even when it is not one that the majority would consider acceptable, sensible, or reasonable. A decision is rational when it is based on a process of reasoning. A person's decision-making process is rational when that person can (1) take in and understand information; (2) process the information in accordance with his or her personal values and goals; (3) make a decision based on the information; and (4) communicate the decision.

*Id*. (internal citations omitted). The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is subject to de novo review. *Bush v. State*, 428 S.W.3d 1, 16 (Tenn. 2014) (citing *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011)).

In its order of December 15, 2016, the post-conviction court addressed the three questions relevant to its analysis and concluded as follows:

> 1) "Is the person suffering from mental disease or defect"? **This court believes the evidence establishes that the answer is yes.**
>
> 2) "If the person is suffering from a mental disease or defect, does that defect prevent him from understanding his legal position and the options available to him"? **This court finds that there is insufficient evidence to answer this question.**
>
> 3) "If the person is suffering from a mental disease or defect which does not prevent him from understanding his legal position and the options available to him, does that disease or defect, nevertheless, prevent him from making a rational choice among his options"? **The court finds that there is insufficient evidence to answer this question.**

- 5 -

In its final order, the post-conviction court concluded, "[t]his Court ruled in an earlier Order that there was evidence of mental retardation. However, there was insufficient proof presented to determine whether the mental defect prevented the petitioner from understanding his legal options or the ability to make a rational choice." The court concluded that Petitioner failed to present sufficient evidence that he "suffered from mental illness which would prevent the filing of his Post[-]Conviction Petition."

We conclude that the evidence supports the post-conviction court's conclusion. Petitioner's proof consisted entirely of the testimony of two lay witnesses. Petitioner's mother testified that he was "mildly mentally retarded." She did not give any testimony regarding how Petitioner's disabilities impaired his decision-making abilities or his understanding of his legal position and the options available to him. The second witness, Carlos Hardy, testified that Petitioner did not seem to understand his legal rights and was unable to help at all in the preparation of his post-conviction documents. Mr. Hardy testified, however, that he met Petitioner in 2014, and he acknowledged that he had no knowledge of Petitioner's condition in 2004 or 2005. The State presented a psychological evaluation of Petitioner that was conducted on February 13, 2004. The forensic portion of the psychological evaluation of Petitioner from 2004 stated:

> [Petitioner] displayed adequate understanding of the charges now pending against him and of the legal process. He was able to identify the roles and functions of the defense attorney, judge, prosecuting attorney, and witnesses. He is likely to exhibit appropriate behavior in the courtroom. He is able to cooperate with an attorney in presenting his defense. [Petitioner] does not suffer from a mental illness that would have been likely to impair his capacity to know right from wrong at the time of the alleged crime.

Petitioner has failed to show that he was prevented by his mental incompetence from complying with the post-conviction statute of limitations. The post-conviction court did not err in denying Petitioner's motion to toll the statute of limitations.

Petitioner also argues that Tennessee Supreme Court Rule 13(5)(a)(2), which provides that "[i]n non-capital post-conviction proceedings, funding for investigative, expert, or other similar services shall not be authorized or approved" is unconstitutional. Petitioner contends that he should not be faulted for failing to present expert witnesses because there was no funding available to secure such experts. However, after "careful consideration of the cases and constitutional provisions" our supreme court has held that "the state is not required to provide expert assistance to indigent non-capital post-conviction petitioners." *Davis v. State*, 912 S.W.2d 689, 696-97 (Tenn. 1995). Accordingly, we conclude that Petitioner is not entitled to relief on this issue.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, JUDGE