IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 4, 2019

**BRYON C. STEPHENS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Hardeman County**
**No. 2016-CR-29      J. Weber McCraw, Judge**

_____

**No. W2018-00895-CCA-R3-PC**

_____

The Petitioner, Bryon C. Stephens, appeals the summary dismissal of his petition for post-conviction relief, asserting that he is entitled to relief because his guilty pleas were unknowingly entered, and he received ineffective assistance of counsel. After review, we affirm dismissal of the petition as time-barred.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Bryon C. Stephens, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; and Mark E. Davidson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On February 26, 2016, the Petitioner pled guilty to possession with intent to deliver 0.5 grams or more of cocaine, possession with intent to deliver 0.5 grams or more of methamphetamine, and simple possession of marijuana. He received Range II ten-year sentences on the two felony drug offenses and an eleven-month and twenty-nine day sentence at 75% on the misdemeanor drug offense, all to be served concurrently. The sentence was suspended to probation and ordered to be served consecutively to a

violation of probation sentence. It appears that the Petitioner was placed on probation on September 8, 2016.

The record contains a probation violation report dated January 25, 2017. The violation stemmed from the Petitioner's receiving new charges and failing to comply with the special conditions of his probation, i.e., he had been ordered to complete a twelve-month in-patient alcohol and drug program but was discharged from it on December 31, 2016, due to non-compliance. A violation of probation warrant was filed on February 1, 2017. On August 25, 2017, the trial court entered an order dismissing the Petitioner's probation violation.

On March 7, 2018, the Petitioner filed an untimely pro se petition for post-conviction relief in which he alleged, among other things, that his guilty plea was unknowing and involuntary and that he received ineffective assistance of counsel. The Petitioner acknowledged that his petition was untimely but asserted the statute of limitations should not bar his claim because he "was under the impression that [his] lawyer had filed this motion" and "just recently found out this motion had never been filed[.]" On March 15, 2018, the post-conviction court entered an order dismissing the petition because it was filed outside the statute of limitations, which was "fatal to it being heard." The court noted that the "date of [j]udgment [w]as February 26, 2016, and the execution of the [p]etition [wa]s dated January 10, 2018. . . . Even if the judgment was not final until 30 days after the entry, this judgment would have been final on March 28, 2016."

The Petitioner filed notice of appeal pursuant to Rule 4 of the Tennessee Rules of Appellate Procedure, which was received and filed with the appellate clerk on May 17, 2018. Somewhat confusingly, the date of April 14, 2018, is handwritten on the notice of appeal in the blank designated for the date judgment was entered in the underlying action. Without offering any proof of his compliance with the "prison mailbox rule," see Tenn. R. App. P. 20(g), the Petitioner makes the bare assertion that this is the date he "forwarded [n]otice of [a]ppeal . . . to the Criminal Court of Appeals in Jackson, Tennessee[.]"

## ANALYSIS

The Petitioner claims that he is entitled to post-conviction relief because his guilty pleas were unknowingly entered, and he received ineffective assistance of counsel. He, however, does not address the post-conviction court's decision to dismiss the petition for untimeliness or allege any specifics as to how counsel rendered ineffective assistance causing his pleas to be unknowingly and involuntarily entered.

The State initially asserts that the Petitioner's notice of appeal was not timely filed and should therefore be dismissed. We need not belabor the timeliness of the Petitioner's notice of appeal because his post-conviction petition was clearly filed outside the statute of limitations.

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a).

The post-conviction statute contains a specific anti-tolling provision:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered, none of which are applicable in this case. See Tenn. Code Ann. § 40-30-102(b). Nor are there any due process considerations in this case that would require tolling of the statute of limitations. See Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013) (identifying three circumstances under which due process requires tolling of the post-conviction statute of limitations: (1) when a claim for relief arises after the statute of limitations has expired; (2) when a petitioner is prevented by his or her mental incompetence from complying with the statute's deadline; and (3) when attorney misconduct necessitates the tolling of the statute). "A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Id. at 631. "[T]he second prong is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true." Id. When a petitioner seeks tolling of the limitations period on the basis of due process, he is obliged "to include allegations of fact in the petition establishing . . . tolling of the statutory period," and the "[f]ailure to

- 3 -

include sufficient factual allegations . . . will result in dismissal." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001).

The record reflects that the Petitioner pled guilty and judgments were entered on February 26, 2016. Because no appeal was taken, the judgments became final on March 28, 2016. He was thus required to file his petition for post-conviction relief on or before March 28, 2017, one year from the date his judgments became final. See Tenn. Code Ann. § 40-30-102(a); State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003) ("We hold that a judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry."). The Petitioner did not file his petition for post-conviction relief until March 7, 2018, almost a year after the statute of limitations expired. The Petitioner does not assert a statutory exception, see Tenn. Code Ann. § 40-30-102(b), for the untimely filing, or his entitlement to due process tolling. Moreover, other than bare allegations, the Petitioner asserts no specifics in his brief as to how counsel rendered ineffective assistance causing his pleas to be unknowingly and involuntarily entered.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the dismissal of the petition.

_____
ALAN E. GLENN, JUDGE