IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 17, 2020

**STATE OF TENNESSEE v. WEYLIN TRENT STRODE**

**Appeal from the Criminal Court for Putnam County
No. 2018-CR-687    Gary McKenzie, Judge**

———————————————

**No. M2019-00764-CCA-R3-CD**

———————————————

The Defendant, Weylin Trent Strode, appeals the denial of his motion to withdraw his guilty plea, asserting that his plea should not be allowed to stand due to uncertainties regarding his mental competency at the time of the plea.  Following our review, we affirm the judgment of the trial court denying the motion.

 **Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

J. Patrick Hayes, Cookeville, Tennessee, for the appellant, Weylin Trent Strode.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Jessie P. Mayberry, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On August 13, 2018, the Defendant was indicted for two counts of aggravated assault, violation of an order of protection, and vandalism in an amount over $2,500.  He filed a motion requesting a forensic mental evaluation, asserting that "he was without sound mind at the time of the alleged events," which the trial court granted on October 29, 2018.  It does not appear that the forensic evaluation was conducted.  On November 13, 2018, the Defendant pled guilty to one count of aggravated assault in exchange for a sentence of four years with "[r]estitution to be determined on 11/26."  A transcript of the plea hearing is not included in the record on appeal.  It appears that the hearing scheduled for November 26

did not take place, as a subsequent order dated April 3, 2019, states that the hearing "was not placed on the docket due to clerical error and a restitution hearing was not held."

On December 5, 2018, the Defendant filed a motion to withdraw his guilty plea. In his motion, the Defendant acknowledged that "[a]t the time the [c]ourt took [the] Defendant's plea, the Defendant stated on the record that the plea was knowing and voluntar[y] and that he understood the terms of the agreement and his rights with a clear mind." However, he averred that on the day set for the restitution hearing, the State did not have witnesses or evidence to present to proceed with the hearing because the case had not been placed on the docket. He concluded that "[i]n light of the failure to establish restitution, and the totality of the circumstances in the case, [his] plea was made unknowingly, involuntarily, with misunderstanding, or through fear or fraud."

The same day, counsel filed a motion asking to withdraw as counsel for the Defendant, asserting that he and the Defendant "have fundamental disagreements about the strategy and preparation of [the] Defendant's case." The trial court granted counsel's motion and appointed new counsel to represent the Defendant. It appears that new counsel filed another request for a forensic mental evaluation because the trial court entered an order granting such request on February 27, 2019. However, the record indicates that the Defendant did not show up for the scheduled evaluation.

At a status hearing on April 1, 2019, the State announced its decision to waive any restitution in the case, and defense counsel announced that the Defendant wanted to add additional issues to his motion to withdraw his guilty plea. The trial court declared that it was dismissing the Defendant's motion to withdraw his guilty plea. The court observed that the Defendant's initial claim based on restitution was moot because the State had announced that it was not seeking restitution and that the Defendant could have amended his motion to add additional claims between the date of his motion and the present day, December 6, 2018, and April 1, 2019, but did not do so. The court entered judgment to that effect on April 3, 2019.

## ANALYSIS

On appeal, the Defendant argues that the trial court erred in dismissing his motion to withdraw his guilty plea because "the court's acknowledgement of a need for a [m]ental [h]ealth evaluation of the Defendant put the [c]ourt on notice of potential . . . mental competency issues of the [Defendant]." He asserts that "the mental health evaluation should have been completed before any disposition was applied to this case."

Tennessee Rule of Criminal Procedure 32(f) provides that a trial court may grant a motion to withdraw a guilty plea for any fair and just reason before the sentence has been

imposed. Tenn. R. Crim. P. 32(f)(1). After the sentence has been imposed but before a judgment becomes final, "the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2). "[A] judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). We review a trial court's determination regarding a motion to withdraw a guilty plea for an abuse of discretion. State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010). An abuse of discretion occurs when a trial court "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, . . . applies reasoning that causes an injustice to the complaining party[, or] . . . fail[s] to consider the relevant factors provided by higher courts as guidance for determining an issue." Id. (internal citations omitted).

Rule 32(f) does not provide "a criminal defendant who has [pleaded] guilty . . . a unilateral right to later withdraw his plea either before or after sentencing." Id. at 444; see State v. Crowe, 168 S.W.3d 731, 740 (Tenn. 2005); State v. Mellon, 118 S.W.3d 340, 345 (Tenn. 2003). "The defendant bears the burden of establishing sufficient grounds for withdrawing [a] plea." Phelps, 329 S.W.3d at 444; see State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995).

The Defendant's motion to withdraw his guilty plea raised one issue: The State's failure to proceed with a hearing on the matter of restitution on a scheduled date. However, the State waived restitution at a status hearing on April 1, 2019, making the issue moot. The trial court did not deny the Defendant's motion to withdraw his guilty plea until after the issue of restitution had been eliminated. Although defense counsel stated at the same hearing that the Defendant wanted to raise other issues, the Defendant had failed to do so from the date of his December motion until the April 1, 2019 hearing, almost four whole months. The Defendant asserts that a mental health evaluation should have been completed before the disposition of his case. Again, the trial court ordered two forensic mental evaluations and, while it is unclear why the first evaluation did not take place, the record indicates that the Defendant simply did not show up for the second scheduled examination. The Defendant provides no argument or authority as to why the moot issue of restitution or the trial court's failure to give him a third opportunity for a mental evaluation supports his assertion that the trial court erred in not allowing him to withdraw his guilty plea. The Defendant did not establish sufficient grounds for withdrawing his plea, and the trial court did not abuse its discretion in denying the Defendant's motion.

## CONCLUSION

Based on the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE